THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

THE PEOPLE *ex rel.* Herman G. Weber, Collector.

*Filed at Mt. Vernon June 21, 1881.*

1. TAXES—*double assessment.* Where a lot is returned by a railroad company in its list as being used for tracks, side-tracks, etc., in connection with the road and for railroad purposes, and the board of equalization assess the same, upon which the taxes are levied and paid, an assessment by the local assessor of the same lot will be a double assessment, and the tax extended upon the latter assessment will be illegal.

2. Where only a portion of a lot is used for railroad purposes, to that extent it is properly returnable to the board of equalization for assessment, and if any portion is not used as railroad track, and is properly assessable by the local assessor, he should so describe it as not to embrace any portion of that which is assessable as track, and thus avoid a double assessment.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the plaintiff in error:

We will draw the attention of the court to two points, each of which is fatal to the judgment rendered by the court below:

1. The description of the property is so indefinite that no judgment can be rendered against it. It is the same description which was before this court in a case between the same parties, and there decided as we now claim. (*The People ex rel.* v. *Chicago and Alton Railroad Co.* 96 Ill. 371.) The evidence in the case at bar is the same as the evidence in that case, and the question now made is precisely identical with the one there decided in our favor.

2. The property in question is part of the property returned in the schedule of the company as "railroad track," and is taxed as such. It contains $13\frac{77}{100}$ acres, and is all covered with tracks and buildings required for the transaction of the company's business. It is taxed as such, and the taxes

have been paid thereon for the year 1879. That such property can not again be assessed by the local assessor has been decided by this court. *Chicago and Alton Railroad Co.* v. *The People ex rel. Dennison et al.* 98 Ill. 350.

Mr. R. D. W. Holder, for the People:

The witness Charles L. Weber, called by the plaintiff in error, testified that he made the survey of and lotted the said tract, and that lot 15 was one of the lots; that he made a plat of the same, which was all done by order of the assessor of St. Clair county. The date of this work is not given by the witness. It is fair to presume then, and we must presume, that the assessor, at the time the work was done, had the authority to have it done. Public officers are presumed to do their duty, and not exceed it. *Todemier et al.* v. *Aspinwall et al.* 43 Ill. 401; *Honore, Jr.* v. *Home National Bank,* 80 id. 489.

The assessor had authority to have plats prepared of all lands in St. Clair county, prior to July 1, 1874,—the date of the repeal of an act conferring the authority. (See "An act to facilitate the assessment of real estate in the county of St. Clair," Laws of 1869, p. 162.)

The assessors had such power generally, prior to July 1, 1872. See Laws 1853, p. 53, sec. 47, and Purple's Statutes 1856, chap. 89, sec. 289.

The property in question is claimed by counsel for plaintiff in error to be embraced in the schedule of the company as railroad track,—that it is all covered with tracks and buildings required for the transaction of the company's business. We do not think the testimony will sustain the assertion, "a tract of land can not be regarded right of way merely because one, or even two or more, side-tracks may be constructed upon or over it, but the land must be appropriated, as is the land in question, to that purpose." *Chicago and Alton Railroad Company* v. *The People ex rel. Dennison et al.* 98 Ill. 350.

The valuation, $935.17, placed upon the property intended to be embraced in their "schedule of railroad track," is, of itself, conclusive evidence that the company either understand it to only include a strip 100 feet wide by 1500 feet long, or that they willfully intend to avoid the payment of taxes honestly due. The valuation is outrageously low, and the company should not be permitted by this court to in this manner avoid payment of taxes upon its property, assessed upon the fair cash value thereof, as individuals are compelled to do.

Mr. Justice Walker delivered the opinion of the Court:

The property on which the tax in controversy in this case was levied, was, for the year the tax was imposed, subjected to a double assessment. The railroad company made out and returned a list of taxable property according to law, embracing this property as being used for tracks, side-tracks, and for buildings in connection with the road, and for railroad purposes. This return was reported to the board of equalization, and it assessed the property, and the assessment was returned to the county clerk, who extended the tax, and it was paid by the company to the collector. The local assessor placed it on his books, assessed it, and returned his assessment list to the county clerk, who extended the tax on the collector's books, and the tax having become delinquent, the collector applied to the county court for a judgment for the sale of the land for the payment of the taxes thereon. The company resisted, and filed objections to the rendition of judgment, upon the ground that it had been returned assessed as railroad track, and the tax had been paid, but the court overruled the objection, and rendered judgment that the land be sold to pay the tax.

In the case of the *Chicago and Alton Railroad Co.* v. *The People*, 98 Ill. 350, there was an assessment of a tract of ground occupied by railroad tracks, switches, turn-outs and depots, shops, and other buildings used in the business of

the road, like this. It was assessed by the board of equalization as railroad track, and like this it was assessed as land by the local assessor. The contest was as to which was the legal and valid assessment, and it was held that the law required the land to be assessed as railroad track, and the assessment by the local assessor was unauthorized, and the collection of the tax extended on that assessment could not be enforced. The material facts of the two cases are almost similar, in every particular. That case must control this.

But even if that case is not like this in all of its particulars, as it is claimed in this that a portion of the land is vacant, this does not describe the portion not covered by the tracks, switches and railroad buildings. The description adopted by the local assessor, it is not denied, embraces all of the land owned by the company, and it seems to be conceded that half or more of the lot is covered with tracks, switches and railroad buildings. That, under that case, is railroad track, and was properly assessed by the board of equalization as such. To that extent it was properly returned by the road, and it was properly assessed. If any portion is not used as railroad track, and is assessable by the local assessor, he should so describe it as not to embrace any portion of that which is assessable as track. He has no right to assess it so as to make a double assessment of any portion of the property. Even if a portion of this tract was not railroad track, and assessable as such, the court had no means of separating the portions so as to render judgment against such as was not properly assessed as track, nor could the court apportion the tax so as to render judgment for the proper amount. The court, under the constitution, has no power to make an assessment for taxation, and to apportion this tax would require an assessment and valuation. Nor could the court render judgment against that portion upon which the tax was legally assessed and properly paid.

The judgment will be reversed.

*Judgment reversed.*