The Chicago and Eastern Illinois Railroad Company
*v.*
The People *ex rel.* Samuel J. Smith, County Treasurer.

*Opinion filed December 20, 1905.*

1. Taxes—*railroad in whose name tax was assessed may object to tax.* A railroad company in whose name lands are taxed may object to an application for judgment of sale without averment or proof that it is interested in the land.

2. Same—*when failure of levy ordinance to specify objects of tax in detail is not fatal.* Failure of a tax levy ordinance to specify in detail the objects and purposes for which the tax was levied is not fatal, where it refers to the appropriation ordinance, which contains such information in detail. (*Spring Valley Coal Co.* v. *People,* 157 Ill. 543, followed.)

3. Same—*land used as reservoir by railroad is "railroad track."* Land adjoining the right of way of a railroad and used as a reservoir to supply water for locomotives is "railroad track" and is properly assessed as such by the State Board of Equalization; and if all of the tract is not in use as a reservoir it is the duty of the local assessor to assess the portion not used and so describe it as to identify it, but a tax based on his assessment of the entire tract is invalid.

4. Same—*additional county tax may be levied before the September meeting following the election.* Where the county board, at its September meeting, authorizes the calling of an election to vote on an additional tax levy, and the election is held, resulting in a vote to levy the same, the county board may act immediately and levy the tax at a special meeting, without waiting until the following regular September meeting.

5. Same—*record must show that resolution for additional tax levy was adopted.* The record of the meeting of the county board must show that the resolution for an additional county tax authorized by vote of the people was adopted, and it is not sufficient that the record shows such resolution was "offered."

Appeal from the County Court of Marion county; the Hon. Charles H. Holt, Judge, presiding.

H. T. Dick, and L. M. Kagy, (W. H. Lyford, and E. H. Seneff, of counsel,) for appellant.

June C. Smith, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment and order of sale of the county court of Marion county against certain lands in said county taxed in the name of the appellant, for the taxes levied thereon for the year 1904.

*First*—The contention is made by appellee that the objections of appellant were rightfully overruled, as it is said the objections filed did not show the appellant was interested in the lands sought to be taxed. The lands. were taxed in the name of appellant, or in the name of appellant and that of the Chicago, Paducah and Memphis Railroad Company, jointly. Section 191 of the Revenue act provides that any person interested therein may object, specifying the cause of objection in writing, to the rendition of judgment and order of sale against any land in which he is interested. The lands in question having been taxed in the name of appellant it was not necessary it aver or prove it was interested in said lands. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538.) The court properly held the appellant had the right to object to the rendition of judgment and order of sale against said lands.

*Second*—The first tax objected to is a tax of $108.58 in favor of the city of Kinmundy. This tax was levied in pursuance of a tax levying ordinance which did not specify in detail the objects and purposes for which the tax was levied. It, however, referred to the appropriation ordinance, which did specify in detail the amount appropriated for each object and purpose. The tax levying ordinance should have specified in detail each object and purpose for which the tax was levied. As, however, it in express terms referred to the appropriation ordinance, which ordinance contained such information in detail, the tax levy was not void by reason of such omission in the tax levying ordinance, as the omission from the tax levying ordinance of such detailed information

did not affect the substantial justice of the tax, and the defect was cured by section 191 of the Revenue act. The question presented here was raised and passed upon adversely to the contention of appellant in the case of *Spring Valley Coal Co.* v. *People,* 157 Ill. 543. That case is conclusive of the question raised here, and the court did not err in overruling the objections of the appellant to the rendition of judgment and order of sale for said city tax.

*Third*—The next tax objected to is a tax of $8.12 sought to be collected from appellant upon 25.24 acres of land adjoining its right of way, about one-half of which land is used by appellant as a reservoir, from which it obtains water for its locomotives and for other purposes connected with the operation of its railroad. Said land was assessed for the year 1904 by the State Board of Equalization as "railroad track," and we think it clear, under the repeated decisions of this court, (*Chicago and Alton Railroad Co.* v. *People,* 98 Ill. 350; *Peoria, Decatur and Evansville Railway Co.* v. *Goar,* 118 id. 134; *Chicago and Alton Railroad Co.* v. *People,* 129 id. 571; *People* v. *State Board of Equalization,* 205 id. 296; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 206 id. 252; *People* v. *Illinois Central Railroad Co.* 215 id. 177;) that the portion of said land used by appellant as a reservoir, within the meaning of the law, is "railroad track," and was taxable as such. If the portion of said land not used as a reservoir was not properly assessed as "railroad track," it was the duty of the local assessor to assess it separately from the portion thereof used as a reservoir and to so describe the same that the portion assessed by him could be identified. This he did not do, but assessed the entire tract. The result of such assessment would be to lead to double taxation, which is not permissible. (*Chicago and Alton Railroad Co.* v. *People,* 99 Ill. 464; *Wabash Railroad Co.* v. *People,* 196 id. 606.) The objection of appellant, for the reasons suggested, should have been sustained as to the tax levied upon said 25.24 acres of land.

218—30

*Fourth*—The next tax objected to is an additional county tax of $444.68 attempted to be levied by the county board in excess of the seventy-five cents on the $100 permitted to be levied by said county board for county purposes, and was sought to be levied by virtue of a vote of the people in accordance with the provisions of section 27 of chapter 34 of Hurd's Statutes of 1903. It is first contended this tax was not levied by the county board at the proper time,—that is, it was levied in January, 1905, when it should have been levied in September, 1905; and secondly, that there is no evidence of a tax levy covering this tax made at any time by the county board, found in this record.

As to the first objection, it appears that the county of Marion was, by reason of its outstanding indebtedness, in need of more money than seventy-five cents on the $100 would produce, and the county board at its September meeting, 1904, authorized the county clerk to call a special election to vote upon the proposition of an increased levy of forty-two cents on the $100. The election was called, and after a contest it was held the proposition to levy said additional tax of forty-two cents on the $100 had been adopted by the electors of said county. Thereupon the county clerk, upon the petition of seven supervisors, called a special meeting of the county board, which convened on the 7th of January, 1905, for the purpose of making said additional tax levy of forty-two cents on the $100 in accordance with the resolution passed by said board at its September meeting and the vote of the electors of the county, and that subsequent to the January meeting of said county board the county clerk of Marion county extended the said tax upon the books of the county. The section above referred to (section 27 of chapter 34, Hurd's Stat. 1903,) provides: "If a majority of the votes cast upon the question are 'For additional tax,' then the county board shall have power to cause such additional tax to be levied and collected in accordance with the terms of such resolution," *i. e.,* the resolution of the county board

fixing the amount of the additional tax required and the purpose for which the same is required, which resolution in this case was passed by the county board at its September meeting, 1904. We think it clear that said section contemplates that the county board, if practicable, will act immediately after it has been determined that the proposition for the levy of an additional tax has prevailed, and that the county board, as is contended by appellant, is not required to delay such tax levy until its following September meeting, and are therefore of the opinion the county board had power, on the 7th of January, 1905, to make said additional tax levy in accordance with the resolution of the board adopted at its preceding September meeting.

This brings us to a consideration of appellant's second objection to this tax. It appears from the record that the county board met in special session on the 7th of January, 1905, and that at its meeting on that day "the following proceedings were had, to-wit: The following resolution was offered:" then follows a copy of the resolution relied upon by the appellee as an extension of the additional tax levy of forty-two cents on the $100 upon the taxable property of said county, which resolution refers to the preceding resolution of the county board passed at its September meeting, recites that the proposition for the additional tax levy had been carried at the election, and directs a tax levy of forty-two cents on the $100, in accordance with the resolution of the board passed at its preceding September meeting. The record, however, fails to show that said resolution was adopted by the county board. It shows only that it was "offered." The validity of said additional tax levy rests entirely upon the supposed action of the county board at said special January, 1905, meeting. If the county board at that time failed to adopt said resolution, then no tax levy for said additional tax was made. The appellee contends the resolution was adopted. This, perhaps, is true. The answer to this contention is, however, that the record does not show that fact, and

we are bound by the record, and as it does not appear the resolution "offered" was adopted by the county board, we are forced to hold the additional tax levy of forty-two cents on the $100 was never made, and for that reason the additional tax was illegal, and the county court erred in overruling the appellant's objection to said tax.

The judgment of the county court will therefore be reversed as to said tax for $8.12 assessed against said 25.24 acres of land, and also as to said additional county tax for $444.68, and affirmed as to the $108.58 tax in favor of the city of Kinmundy, and judgment will be entered in this court against the appellant for said city tax, and the amount of that tax will be deducted from the deposit of the appellant in the hands of the county collector of Marion county, in accordance with the provisions of section 192 of the Revenue act.          *Reversed in part and remanded.*