THE PEOPLE ex rel. Paul W. Abt, County Collector,
Appellant, vs. THEODORE VOGT, Appellee.

*Opinion filed February 21, 1914.*

1. TAXES—*park district taxes are to be levied, as nearly as practicable, as taxes are levied by cities and villages.* Under section 22
of the Park act the taxes to be levied by the corporate authorities
of a park district are to be levied, as nearly as practicable, in the
manner in which taxes are levied by cities and villages, which includes a sufficiently definite itemization to enable tax-payers to object to items which they consider illegal or unjust.

2. SAME—*when an item for salaries of officers and employees
should be separated.* An item of a park district tax of $16,000 for
"officers' and employees' fees and salaries" should be separated to
show the amount allowed to the officers and the amount allowed
to the employees, as the commissioners are not entitled to compensation under the statute, and the only other persons who may be
termed officers are the secretary and treasurer of the board.

3. SAME—*when appellee cannot, by cross-error, question action
of court in sustaining item of tax.* On appeal by the People from
an order sustaining an objection to an item of a park district tax
for fees and salaries of officers and employees, the appellee cannot,
by assigning cross-error, question the action of the court in overruling an objection to an item of tax for interest on bonded debt,
as the two items are independent of each other, and the judgment
of the court is, in effect, a distinct judgment as to each item.

APPEAL from the County Court of St. Clair county; the
Hon. FRANK PERRIN, Judge, presiding.

CHARLES WEBB, State's Attorney, A. B. DAVIS, KRAMER, KRAMER & CAMPBELL, and W. H. HEBENSTREIT, for
appellant.

JAMES G. MCHALE, JESSE M. FREELS, A. B. GARRETT,
and JOHN HAY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application by Paul W. Abt, county treasurer and *ex-officio* county collector of St. Clair county, Illinois, for judgment for taxes claimed to be delinquent for

the year 1912, against appellee, Theodore Vogt. Appellee filed objections to the taxes levied against his property by the East St. Louis Park District for the fiscal year 1912. Said park district is a municipal corporation organized under the act of 1895, to provide for the organization of park districts and the transfer of submerged lands. (Hurd's Stat. 1911, p. 1678.) Among the various items objected to by appellee was one for $16,000 for "officers' and employees' fees and salaries." This objection was sustained by the trial court, all other objections of the appellee being overruled. From that order this appeal was prayed by the State and allowed. Appellee has filed cross-errors questioning the correctness of the trial court's holdings in overruling certain of his objections.

Section 22 of the Park act provides that "all taxes authorized to be levied by the corporate authorities of any park district created under this act on the taxable property in said district, shall be levied at the same time and in the same manner, as nearly as practicable, as taxes are now levied for city and village purposes under the laws of this State." Section 2 of article 7 of the Cities and Villages act provides that the annual appropriation ordinance "shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose." Section 1 of article 8 of said Cities and Villages act provides that such municipal authorities shall each year "ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village," etc. This court has held that these provisions of the Cities and Villages act as to specifying in detail the pur-

poses for which the taxes are levied must be strictly followed, (*People* v. *Florville,* 207 Ill. 79,) but that the provisions of the tax levy ordinance may be read in connection with the provisions of the appropriation ordinance if the latter is referred to in the former. (*Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 Ill. 463.) It has been further held that if a tax levy ordinance, so construed, fails to specify the purposes for which taxes are to be levied, such tax levy ordinance is to that extent invalid. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 Ill. 566; *People* v. *Fenton and Thomson Railroad Co.* 252 id. 372.) There is a somewhat similar provision in section 121 of the general Revenue law with reference to the county board setting out the several purposes for which taxes are to be levied, stating the amount for each purpose separately. We have repeatedly ruled that this statute must be strictly complied with in this regard. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, and cases there cited; *People* v. *Bowman,* 253 id. 234.) The object of stating in the levy the amount for each purpose separately, as stated in the cases just cited, is to give the tax-payer an opportunity, if he desires, to prevent illegal and unjust levies and assessments. Such statutes should receive a fair and reasonable construction in order to be effective and accomplish the end desired. No absolute rule can be laid down as to just how many separate subdivisions or heads a given tax levy should be divided into. Each case, in some measure, must be decided in accordance with its special facts. The trial court held the tax levy of $16,000 for officers' and employees' fees and salaries illegal and void, "for the reason that said item is not sufficiently specific, and for the further reason that no salaries and fees are provided by law for said officers." Section 6 of said Park act provides that the commissioners of the said district "shall receive no compensation as such commissioners." Section 10 provides that the commissioners shall elect one of their num-

ber as president and shall also appoint a secretary and treasurer, neither of whom shall be a member of the board. The secretary and treasurer are entitled to compensation and might properly be entitled "officers." The item of $16,000 for this one park district is large. There is no difficulty, as a practical matter, in dividing this item into two heads: First, officers' salaries; and second, employees' fees and salaries. Then the property owners interested could more readily see whether either item was unreasonable, and could also decide without difficulty whether the commissioners were unlawfully levying taxes for salaries for themselves, as claimed here. The fact that this was charged and so held by the court tends to show that it would not be unreasonable for this item to be so subdivided. The reasoning of this court in *People* v. *Bowman, supra,* and other cases cited, on the separation of the different items, tends to support this conclusion. The county court did not err in sustaining the objection to this item.

Appellee has filed cross-errors as to the court overruling his objection to the item in the tax levy and appropriation ordinances, "Interest on bonded debt." Appellant contends that appellee is in no position to question this ruling by cross-errors. Section 192 of the Revenue act provides that no appeal in tax matters shall be allowed in any judgment for the sale of any land or lots for taxes, or any writ of error to operate as a *supersedeas,* "unless the party praying such appeal or desiring such a writ of error, shall before taking such appeal or suing out such writ of error, deposit with the county collector an amount of money equal to the amount of the judgment and costs," etc. Reading this entire section together as to the reasons for depositing this money and the purposes to which it is to be applied thereafter, we think it is evident that it was the intention of the legislature to require the deposit of money for the taxes before any question can be raised by the objector to the court's judgment overruling his objections as

to taxes. The item of the levy as to "interest on bonded debt" was entirely separate, independent and distinct from the item for "officers' and employees' fees and salaries," for which an appeal was prayed and allowed on behalf of the People. There was a judgment against appellee's land for the taxes levied for the item, "interest on bonded debt." Where one party appeals from only a portion of a decree, the other matters not contained in the decree are not before the reviewing court. If the other matters are wholly independent of the part of the decree appealed from, so that the decision of one part has no influence or bearing upon a decision as to the other part, they are then, in effect, as this court has held, distinct decrees. (*Walker* v. *Pritchard*, 121 Ill. 221.) Appellee, by cross-errors, under such circumstances, could not review the other independent portions of the decree not appealed from. That same rule must necessarily apply and control as to appeals in tax matters where the items appealed from are entirely independent and distinct from other items. The judgment as to the different items is, in effect, a distinct judgment as to each item. An appeal may be taken from one item without in any manner affecting the record as to the other distinct items, the decision as to one item having no influence or bearing as to the decision upon the other items. If appellee desired to raise the question as to the correctness of the trial court's rulings on the item as to the levy for "interest on bonded debt" he should have appealed from that decision He cannot raise that question by cross-errors.

The judgment of the county court will be affirmed.

*Judgment affirmed.*