(Nos. 17014-17015-17016.—Judgment affirmed.)

THE PEOPLE *ex rel.* J. Lem Ballance, County Collector, Appellant, *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Appellee.—Same Appellant *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellee.— Same Appellant *vs.* THE NORTHERN AND SOUTHERN ILLINOIS RAILROAD COMPANY *et al.* Appellees.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. TAXES—*the county board's authority to tax is statutory.* The county board has no authority to levy taxes except such as is conferred on it by the legislature.

2. SAME—*when election for additional tax is not sufficient to authorize tax in excess of constitutional limit.* Where the county board has levied taxes up to the constitutional limit, an election on the question of issuing funding bonds and levying an additional tax for their payment does not authorize the county board to levy taxes in excess of the constitutional limit where neither the resolution for

the additional tax, the notice of the election or the ballot makes clear to the voters that the additional tax authorized to be levied is in excess of the constitutional limitation.

3. SAME—*cross-errors cannot be assigned as to city taxes on appeal from judgment sustaining objections to county tax.* On appeal of the county collector from a judgment sustaining objections to a county tax the objectors cannot assign cross-errors on the judgment of the court overruling their objections to city park taxes, as the judgment in regard to the city taxes can be reviewed only by a separate appeal.

APPEAL from the County Court of Marion county; the Hon. W. G. WILSON, Judge, presiding.

CHARLES F. DEW, State's Attorney, and LEO H. JONAS, City Attorney, for appellant.

NOLEMAN, SMITH & DALLSTREAM, JOHN L. KAGY, KRAMER, KRAMER & CAMPBELL, and ROLAND H. WIECHERT, (MORISON R. WAITE, and WILLIAM A. EGGERS, of counsel,) for appellee the Baltimore and Ohio Railroad Company; JOHN L. KAGY, and CRAIG & CRAIG, (HOMER T. DICK, and G. B. HILL, of counsel,) for appellee the Chicago and Eastern Illinois Railway Company; NOLEMAN, SMITH & DALLSTREAM, (J. A. CONNELL, of counsel,) for appellees the Northern and Southern Illinois Railroad Company, the Jacksonville and St. Louis Railway Company, and the Chicago, Burlington and Quincy Railroad Company.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

At its September meeting in 1924 the county board of Marion county levied taxes for county purposes amounting to an aggregate rate of seventy-five cents on the $100, as follows: For general county purposes, fifty cents; for county highway tax, twenty-four cents; for soldiers' and sailors' burial fund, one cent. At the same meeting a resolution was adopted providing for the submission at the election to be held on November 4, of the question of issu-

ing $110,000 of funding bonds and levying an additional annual tax to pay the principal sum in ten annual installments, together with the interest accruing annually. The proposition to issue the bonds and levy the additional tax received a majority of the votes at the election, and at an adjourned session of the September meeting the county board made an additional levy of $16,225 for the payment of the bonds and interest, which required an additional rate of fourteen cents on the $100. Taxes at the respective rates mentioned, amounting in the aggregate to eighty-nine cents on each $100, were extended by the county clerk against the property in the county. Upon the application of the county collector at the June term, 1925, for judgment for taxes, the Baltimore and Ohio Railroad Company, the Chicago and Eastern Illinois Railway Company, the Northern and Southern Illinois Railroad Company, the Jacksonville and St. Louis Railway Company and the Chicago, Burlington and Quincy Railroad Company all appeared, and, having paid all county taxes against their property except the excess above seventy-five cents on the $100, objected to such excess on the ground that the county board was not authorized by the election to levy taxes in excess of the constitutional limit of seventy-five cents on the $100. The objection was sustained and the People appealed.

The only question involved in this appeal is whether or not the election on the question of issuing bonds and levying an additional tax for their payment authorized the county board to levy taxes in excess of the constitutional limit of seventy-five cents on the $100.

The county board has no authority to levy taxes except such as is conferred on it by the legislature. The legislature's power to authorize the county board to levy taxes is limited by the constitution to seventy-five cents on the $100 unless authorized by a vote of the people, except in case of indebtedness existing before the adoption of the constitution. The indebtedness for which it was proposed

to issue the bonds was not of this character. By clause 6 of section 25 of the act in relation to counties, when these taxes were levied the legislature had authorized the county board to levy a tax not exceeding fifty cents on the $100 for county purposes, and by section 14 of the act in relation to State highways had authorized the levy of a county highway tax in addition to the maximum of all other county taxes authorized by statute. These two acts exhausted the power of the legislature to authorize a levy of taxes by the county board without a vote of the people. By section 27 of the act in relation to counties the legislature authorized the county board, whenever it should deem it necessary to levy taxes in excess of the rate of fifty cents on the $100, by an order entered of record setting forth the amount of the excess required and the purpose and number of years for which it would be required, to provide for the submission of the question of assessing the additional rate to a vote of the people of the county at the next election for county officers. Only by a vote in accordance with these provisions could the county board obtain authority to levy a tax in excess of fifty cents on the $100 for general county purposes, and by such a vote the county board would be authorized to levy such tax in excess of the constitutional limitation if the notice of the election or the ballot made clear to the voters that the additional tax authorized to be levied was in excess of such constitutional limitation. (*People* v. *Missouri Pacific Railroad Co.* 316 Ill. 137.) Neither the resolution submitting the question at this election, the notice given of the election nor the ballot used gave any such notice. The resolution provided that in order to pay the principal and interest on the bonds as the same became due, there was thereby levied "an additional annual tax of thirty (30) cents, or so much thereof as may be necessary, on each one hundred dollars ($100) of the assessed valuation of taxable property in said county for ten (10) years, said tax to be in addition to taxes levied for general county

319—24

purposes of fifty (50) cents on each one hundred dollars ($100) assessed valuation of the taxable property of the county." The bonds were payable at the rate of $11,000 annually for ten years and bore interest at the rate of four and three-quarters per cent, payable semi-annually. Therefore the greatest amount which could be levied in any one year would be $16,225 the first year. The notice followed the resolution, and the ballot was on the question of funding the bonds and of levying "an additional annual tax (in excess of the tax of fifty cents (50c) on the hundred dollars ($100) valuation for the county purposes) of thirty cents (30c), or so much thereof as may be necessary, on each one hundred dollars ($100) of assessed valuation of taxable property of said county for ten years to provide for the payment of said bonds in ten (10) annual series of $11,000 each, together with interest thereon at the rate of four and three-quarters per cent (4¾) per annum payable semi-annually." Clearly, this was not a proposition to levy thirty cents in addition to the seventy-five cents which was the constitutional limitation. It was not even a proposition to levy thirty cents in excess of the fifty cents authorized by the statute. It was a proposition to authorize the levy of the amount necessary in each year to pay the bonds falling due in that year, together with the interest at the rate of four and three-quarters per cent per annum, payable semi-annually. This was the levy which the county board made, $16,225, and the rate was only fourteen cents. The county board had previously exhausted its power of taxation within the seventy-five cent limit by the levies already made.

The appellant contends that the legislature has made a separation of the amount of seventy-five cents to which the constitution limits the levy for county purposes into two divisions,—fifty cents for county purposes and twenty-five cents for State-aid roads,—and in authorizing the levy of an additional tax for either one of these purposes the bal-

lot would necessarily apprise the voter that this additional tax was to be in excess, not of the constitutional limitation but of the statutory limitation. The statute has limited the amount which may be levied within the seventy-five cent limitation to fifty cents for county purposes and twenty-five cents for county highway tax, but at the same time it has provided for granting authority to the county board for levying a greater rate than fifty cents for county purposes. If this authority is granted, the county board then has its general statutory authority to levy a tax for county purposes of fifty cents on the $100, the authority derived through an election to levy an additional amount for county purposes to the extent authorized, and the power to levy a twenty-five cent rate for county highway tax. All these taxes, however, must be within the constitutional limit of seventy-five cents unless the people have voted authority to levy a higher rate than seventy-five cents; and if a levy for county purposes is made exceeding fifty cents on the $100, the levy for county highway tax must be reduced by as much as the county rate exceeds fifty cents on the $100.

The Northern and Southern Illinois Railroad Company, the Jacksonville and St. Louis Railway Company and the Chicago, Burlington and Quincy Railroad Company have assigned cross-errors on the judgment of the court overruling their objections to city park taxes of the city of Centralia. This tax, and the objection to it, are entirely distinct from the county tax and the cross-errors cannot be considered. The judgment in regard to the city park tax can be reviewed only by a separate appeal. *People* v. *Vogt,* 262 Ill. 170; *People* v. *Chicago and Alton Railway Co.* 289 id. 282; *People* v. *New York Central Railroad Co.* 296 id. 187; *People* v. *Chicago and Eastern Illinois Railway Co.* 310 id. 257; *People* v. *Wabash Railway Co.* 311 id. 579.

The judgment is affirmed.          *Judgment affirmed.*