THE PEOPLE *ex rel.* Grant Graff, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1927.*

TAXES—*when notice of election is not sufficient to authorize county sanitarium tax in addition to constitutional limit.* A tax is not authorized in excess of the constitutional limitation of seventy-five cents unless the people have voted to authorize such tax by a ballot which informs them that they are voting on a tax in addition to said constitutional limit, and a notice of election showing the resolution of the board of supervisors and the form of ballot, which ballot recites that the proposition is for a county sanitarium tax "in addition to the rate now provided by law for county purposes," is not sufficient to inform the voters that the tax is to be in addition to the constitutional limit, as it merely amounts to notice that the tax is in addition to the limit of fifty cents allowed by law for county purposes.

APPEAL from the County Court of Morgan county; the Hon. JAMES M. BARNES, Judge, presiding.

WILLIAM T. WILSON, (BELLATTI, SAMUELL & MORIARTY, of counsel,) for appellant.

HUGH GREEN, State's Attorney, for appellee.

328—7

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case concerns the validity of a two-mill tax for a tuberculosis sanitarium. The county court of Morgan county overruled the objections of appellant to this tax, and it brings the cause here for review.

The facts are stipulated. By the stipulation it appears that at the September, 1925, meeting of the board of commissioners of Morgan county that board adopted a resolution as follows:

"Whereas, the voters of Morgan county have heretofore affirmatively voted to levy a tax for the purposes of establishing and maintaining a county tuberculosis sanitarium, said tax, according to the act establishing the 'Tuberculosis Sanitarium Fund' not to exceed two (2) mills on the dollar annually on all taxable property in said county; and

"Whereas, the Supreme Court of Illinois has decided since the aforesaid vote was taken that the taxes for the cost of establishing and maintaining said sanitarium are taxes for county purposes, and consequently a levy of them cannot lawfully be made in excess of fifty ($.50) cents on each one hundred ($100) dollars valuation without a vote of the people; and

"Whereas, it now appears that the addition of any tax for such purpose to aggregated tax now necessary to be levied for general county purposes would necessitate a levy in excess of the legal rate of fifty ($.50) cents on each one hundred ($100) dollars valuation. Therefore be it

"*Resolved by the board of county commissioners in and for Morgan county, Illinois,* that it is necessary for the maintenance of the county tuberculosis sanitarium to levy taxes of the amount of twenty-seven thousand ($27,000) dollars per year for the next five successive years, beginning with 1926, in addition to those raised by levying a rate of fifty ($.50) cents on one hundred ($100) dollars valuation on all taxable property in Morgan county, Illinois. Be it further

"*Resolved,* that an order be entered of record as and it is hereby made a record of the board of county commissioners aforesaid that the proposal to levy said additional tax be submitted to the vote of the people of Morgan county, Illinois, at the general election to be held in and for said county on the third day of November, A. D. 1925, same being the next election for county officers. And be it further

"*Resolved by the board of county commissioners aforesaid,* that the county clerk of Morgan county, Illinois, be directed, and he is

hereby required and commanded, to submit to the voters of Morgan county, Illinois, at said election the following propositions:

| | | |
|---|---|---|
| FOR an additional tax not to exceed a rate of one mill on each one dollar, in addition to the rate now provided by law for county purposes, to be levied on all taxable property in Morgan county, Illinois, as assessed and equalized for State and county purposes for the years 1926, 1927, 1928, 1929 and 1930 for the purpose of the maintenance of the county tuberculosis sanitarium. | | |

| | | |
|---|---|---|
| AGAINST an additional tax, not to exceed a rate of one mill on each one dollar, in addition to the rate now provided by law for county purposes, to be levied on all taxable property in Morgan county, Illinois, as assessed and equalized for State and county purposes for the years 1926, 1927, 1928, 1929 and 1930, for the purpose of the maintenance of the county tuberculosis sanitarium. | | |

The stipulation of facts shows that the notice of election followed the resolution, and that the proposition on the ballot was identical with the form thereof shown on the resolution as above quoted and set forth. The vote was taken at the election held on November 3, 1925, and resulted in a vote in favor of the proposition. It is also stipulated that there was no other election or vote of the people purporting to give authority for a tax for a county tuberculosis sanitarium in excess of the constitutional limit. It is also stipulated that the tax in question was not for the payment of indebtedness existing at the adoption of the present constitution.

The only question involved is whether the election held pursuant to the notice, and the use of ballots which each

contain the language, "in addition to the rate now provided by law for county purposes," authorized the county board to levy taxes in excess of the constitutional limitation of seventy-five cents on the $100.

The language of such a notice and ballot was before this court in *People* v. *Baltimore and Ohio Railroad Co.* 319 Ill. 366, and in *People* v. *Missouri Pacific Railroad Co.* 316 id. 137, where it was held the ballots employed in elections there held did not advise the people that the tax to be levied was in addition to the constitutional limitation. In *People* v. *Baltimore and Ohio Railroad Co.* the ballots were on the question of funding bonds, and the ballots contained the proposition of levying "an additional annual tax (in excess of the tax of fifty cents (50c) on the hundred dollars ($100) valuation for the county purposes) of thirty cents (30c), or so much thereof as may be necessary, on each one hundred dollars ($100) of assessed valuation of taxable property of said county for ten years to provide for the payment of said bonds in ten (10) annual series of $11,000 each, together with interest thereon at the rate of four and three-quarters per cent (4¾) per annum payable semi-annually." It was there held that such a ballot did not present to the people a proposition to levy thirty cents in addition to the constitutional limitation of seveny-five cents. It was contended by the People that the legislature had made a separation of the amount of seventy-five cents to which the constitution limits the levy for county purposes,—fifty cents for county purposes and twenty-five cents for State aid roads,—and that in authorizing the levy of an additional tax for either one of these purposes the ballot would necessarily inform the voter that the additional tax was to be in excess of the statutory limitation. It was held in that case that all the taxes must be within the constitutional limit of seventy-five cents unless the people have voted authority to levy a higher rate than seventy-five cents, and if the levy for county purposes exceeded fifty cents,

then the levy for county highway tax must be reduced to the extent of such excess. In the instant case the ballot proposed a tax "in addition to the rate now provided by law for county purposes." This may be said to amount to notice of the proposition to exceed the fifty cents allowed by law for county purposes but is not notice to the people that the tax to be levied is in excess of the constitutional limit. A tax is not authorized in excess of the constitutional limitation of seventy-five cents unless the people have voted to authorize such tax, and in order to do so it is necessary that the ballot shall inform them that they are voting on a tax in addition to the seventy-five cents authorized by the constitution. (*People* v. *Baltimore and Ohio Railroad Co. supra; People* v. *Missouri Pacific Railroad Co. supra.*) In this case it is stipulated that appellant has paid seventy-five cents on the $100 valuation. That is the extent of its liability, and the county court erred in entering judgment for anything in excess of that amount.

The judgment of the county court is therefore reversed.

*Judgment reversed.*