This is an appeal from the judgment of the county court of Pulaski county for sale of appellant's property for county taxes levied in the sum of $1523.23. The objection goes to a special tax of twenty cents on each $100 *Page 301 
valuation levied by the county board of Pulaski county at its September, 1928, meeting for the purpose of raising money with which to purchase a right of way for State bond issue road, Route 147, through said county. The claim is that the said tax of twenty cents is in excess of the constitutional limitation and was not legally authorized by a vote of the people. The board of supervisors entered an order reciting the necessity for this additional tax and calling a special election to be held on August 14, 1928, at which was submitted the question whether such tax should be levied and assessed.
Appellant's objection is that the county board had no authority to submit the question of such excess tax to the voters of the county at a special election, but that the election for such purpose must be called and held under section 27 of the Counties act, which provides only that such matter may be submitted at a general election of county officers or judicial election. There is no other objection to the validity of the resolution of the county board and none to the notice or form of the ballot.
The resolution adopted by the county board was for a special right of way tax of twenty cents for the year 1928. Appellant's position is that at the time of the adoption of the resolution of the county board and the holding of the election pursuant thereto there was no statute authorizing a county board to call a special election to vote on the question of levying an additional tax, either within the constitutional limitation or in excess thereof, for the purpose of raising money to pay for a highway right of way.
Counsel call attention to section 8 of article 9 of the constitution, which limits the maximum tax which may be levied by a county to seventy-five cents on each $100 assessed valuation unless authorized by a vote of the people of the county but which provides no method for taking such vote, and argue that the only statute existing at the time of this election authorizing the county board to call *Page 302 
an election for levying additional taxes was section 27 of the Counties act, which requires that the question of the levy of such additional tax should be submitted to a vote of the people "at the next election for county officers, or at any judicial election, held in such county, after the adoption of the resolution," and that this being a special election, not held at a time provided by section 27 of the Counties act, it was void.
Counsel for appellee take the position that the authority to call this election is to be found in section 25 of the Counties act, which authorizes the levy of taxes for county purposes, not to exceed twenty-five cents on the $100 valuation, except for indebtedness "and except taxes authorized as additional by vote of the people of the county," and that section 27 has been held by this court not to apply to a vote on a proposition to increase taxes beyond the constitutional limitation but is intended to apply only to taxes to be levied within such constitutional limitation but in excess of the statutory limit, and that since section 25 does not prescribe the time and manner of calling the election, same may be called at the time and conducted in the manner in which elections on similar propositions may be called and conducted.
In People v. Cairo and Thebes Railroad Co. 319 Ill. 118, and in People v. Missouri Pacific Railroad Co. 328 id. 504, it was said that no statute specifically provides the time and manner of calling and conducting an election for an additional tax, and that such election must be called and conducted in harmony with laws providing for the calling and conducting of elections on similar propositions, so that the voter will be advised as to the question on which he is asked to vote. In People
v. Cairo and Thebes Railroad Co. supra, it does not appear whether the election was held under section 27 of the Counties act, though, apparently, the election was held at the time of the regular April election. The tax was held invalid because the notice did *Page 303 
not advise the voter that the tax was to be in excess of the constitutional limitation. In People v. Missouri PacificRailroad Co. supra, the election was held and conducted under section 27 of the Counties act. It was there held that the provision of section 27 — that if the majority of the votes cast on the proposition are for the tax it may be levied — has no application to a tax sought to be authorized in excess of the constitutional limitation but in such an election the proposition must receive a majority of all the votes cast at the election. The election, however, was not held illegal. InPeople v. Baltimore and Ohio Railroad Co. 319 Ill. 366, the election was apparently held under section 27, but the right to hold it under that section was not raised or discussed. That election was held on November 4, 1924, and the tax was there held void for the reason upon which the decision in People v.Cairo and Thebes Railroad Co. supra, was based.
While by a statutory amendment in 1929 such tax may be submitted at a general or special election, there was at the time of this election no specific direction in the statute concerning the matter. It follows, under the cases herein referred to, that such an election, authorized as it is both by the constitution and the statutes, must be called and conducted in harmony with laws providing for the calling and conducting of elections on similar propositions, so that the voter will be advised concerning the question on which he is asked to cast his vote. What are similar propositions and what laws govern the elections concerning them? It cannot be doubted that if this election had been called at a regular election for county officers or judicial election it would have been valid, for the proposition referred to in that section is similar to the one voted on here. But section 27 does not specifically refer to a tax above the constitutional limitation. Another similar proposition and provision for an election thereon is found in section 15d of the Road and Bridge act. (Smith's Stat. 1927, p. 2344.) The vote authorized in that *Page 304 
section concerns an additional tax for State aid roads and specifies that such election may be held at a general election or a special election called therefor. The propositions are similar. Both are for a county tax for road purposes. In this case it is conceded that the notice and ballot were sufficient to advise the voter of the matter on which he was called to vote. The election in all other particulars appears to have been legally conducted and an opportunity to all qualified voters to cast their vote on the proposition submitted. There being at that time no specific direction as to how and when the election in a case such as this one might be called, we are of the opinion that under our previous holdings this election was valid. The court therefore did not err in overruling objections and entering a judgment for taxes.
The judgment of the county court will therefore be affirmed.
Judgment affirmed.