(No. 28533.— )

THE PEOPLE *ex rel.* Sam G. Edwards, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed September 19, 1945.*

NELSON TROTTMAN, of Chicago, and HUGH J. DOBBS, of Springfield, for appellant.

JOHN P. MADDEN, State's Attorney, of Gillespie, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of Macoupin county overruled appellant's objection to the 1942 tuberculosis tax levy for a tuberculosis sanitarium fund amounting to one and one-half mills on each dollar, resulting in a tax against appellant of $966.62. This appeal followed. The bases of its objections are that no appropriation had been adopted for this tax, therefore the levy was in excess of amounts appropriated by the entire amount of the levy, and that, as the levy was attempted to be made at an adjourned meeting of the regular September, 1942, session, which session opened prior to the election at which the levy of such tax was authorized, the county, when the regular September meeting convened, in September, 1942, had no authority to levy such tax, and so the same could not be levied at an adjourned session of the September meeting but should have been levied at a special meeting called for that purpose.

The facts are not in dispute. At an election on November 3, 1942, a majority of the electors voted in favor of this levy for the years 1942 to 1956, both inclusive. It is conceded that prior to that election the county board did not have authority to levy this tax, a previous election having been declared void. The September, 1942, meeting was adjourned to November 10, following, and then again adjourned to December 8, on which date the tax was levied. The levy ordinance recited that an additional special tax for the years commencing with 1942 and through 1956, in addition to the maximum for county purposes, should be levied and that funds, when collected, constitute a separate fund disbursed only for the purpose for which it was raised.

At the meeting on December 8 another resolution was adopted by which there was levied $36,000 or so much thereof as one and one-half mills on each dollar of assessed valuation would produce, for the care and treatment of those afflicted with tuberculosis, for the period from September 1, 1942, to August 31, 1943, both inclusive. It was further recited in the resolution that it be substituted for a certain resolution adopted at the regular September session levying a special annual tax for the year 1942 for this purpose.

It is conceded that in none of the proceedings of the board was there an appropriation for the tuberculosis sanitarium fund, but it is pointed out by appellee that in the budget there appeared, "statement of estimated income for a period covered by the annual budget" in which was an item for taxes for tuberculosis fund in the sum of $34,200. In the schedule of appropriations it was declared that such schedule "when adopted in the manner set forth by law shall constitute the annual appropriation ordinance and shall cover the period from September 1, 1942, to August 31, 1943, comprising a fiscal period of one year."

The sole question involved here is whether the levy made at an adjourned meeting of the September, 1942, session, which levy was made on December 8, 1942, after authorization by an election on November 3, 1942, was a valid levy though there was no specific appropriation therefor. Section 2 of the County Tuberculosis Sanitarium Act, (Ill. Rev. Stat. 1943, chap. 34, par. 165, p. 1002), insofar as applicable to the present inquiry, provides: "if a majority of all the votes cast upon the proposition shall be for the levy of a tax for a county tuberculosis sanitarium the County Board of such county shall thereafter annually levy a tax of not to exceed one and one-half (1½) mills on the dollar, which tax shall be collected in like manner with other general taxes in such county and shall be known as the 'Tuberculosis Sanitarium Fund,' and thereafter the

County Board of such county shall, in the annual appro-
priation bill, appropriate from such fund such sum or
sums of money as may be deemed necessary to defray all
necessary expenses and liabilities of such county tubercu-
losis sanitarium."

Appellant argues that since the county board recon-
vened its regular September meeting on December 8, 1942,
the business transacted on that day was business of the
September meeting, and since, at the time the September
session met, on September 8, the county board had no
authority to levy the tax involved here, the tax is invalid.

In *People ex rel Ardery* v. *Illinois Central Railroad
Co.* 237 Ill. 154, the tax involved was one for construc-
tion of hard roads authorized by a vote of the people,
and the objection to it was that while the board authorized
the levy for three years, no levy was made by the commis-
sioners of highways and certified for the year objected to,
so the levy for that year was void. This court held other-
wise, however, on the ground that since the tax objected
to was the amount of the tax authorized by vote and no
provision appeared in the statute requiring the commis-
sioners of highways to make a tax levy for each year, for
the number of years for which the tax is authorized, one
tax levy for the entire tax voted was sufficient, it there being
said: "No reason appears, however, why the tax levy, or
the certificate of the commissioners of highways, or of
the town clerk, should cover only the taxes which fall due
in one year. The statute providing for the levy of the
tax should have a reasonable construction, and we can dis-
cover no reason why, the tax levy of thirty cents on the
$100 valuation having been voted by said township to be
raised in each year for three years for the construction of
two hard roads, the tax should not be levied by the com-
missioners of highways immediately after the tax had been
declared carried for the three years * * * rather than
to require the officers of the township to go through the

form of making a separate tax levy for each year during the time the tax is to run, * * *."

In *Chicago and Eastern Illinois Railroad Co.* v. *People ex rel. Smith,* 218 Ill. 463, an election called by the county board authorized a certain increased tax levy. A special meeting was later called upon petition of a majority of the members of the board, which convened on January 7 thereafter, and an additional tax levy, as authorized by the election, was ordered made. Upon objection to this tax this court held that section 27 of the Counties Act contemplates that the county board, if practicable, will act immediately after it has been determined that the proposition of a levy for an additional tax has prevailed, and is not required to delay such tax until the following September meeting, and that the county board on January 7 had authority to levy the tax.

In this case the election held on November 3, 1942, was called by the county board in September preceding, and under the authority of *Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 Ill. 463, the board had power, either at a regular or special meeting, to levy that tax. We are of the opinion, therefore, that under the requirement of the statute it was the duty to levy that tax at the earliest opportunity, and that the tax was legally levied.

The question whether it was necessary that the county board first make an appropriation for the tuberculosis sanitarium fund was considered in *People ex rel Stuckart* v. *Day,* 277 Ill. 543. In that case the city of Chicago did not, in the first quarter of the fiscal year 1915, have authority to levy a tax in addition to the limit for general taxes, but in June of that year an act was adopted providing for a firemen's pension fund, authorizing the city to levy an additional tax for a period of three years. The city made the additional levy after the act went into effect, which was after the time in which the city was required to make its annual appropriation. Objection was filed to the tax

on the ground that the city did not have authority to levy it without first adopting an appropriation ordinance for such purpose. It was nevertheless held that the tax was legally levied by virtue of the statutes authorizing it, although not included in the annual appropriation bill.

No good reason appears why the county board of Macoupin county should be required to call a special meeting for the purpose of making the tax levy in question when it was duly in session at a recessed regular meeting.

We are of the opinion that the county court was correct in overruling these objections and its judgment order will be affirmed.

*Judgment affirmed.*