(No. 22965.

THE PEOPLE *ex rel.* Richard S. Wangelin, County Collector, Appellant, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed October 24, 1935—Rehearing denied Dec. 4, 1935.*

Louis P. Zerweck, State's Attorney, for appellant.

Kramer, Campbell, Costello & Wiechert, (V. W. Foster, and C. A. Helsell, of counsel,) for appellee.

Mr. Chief Justice Stone delivered the opinion of the court:

This case comes from the county court of St. Clair county to review the judgment of that court concerning certain objections to the application of the county collector for judgment and order of sale of appellee's property. This review involves part of the county taxes levied by the county board and certain city and park district taxes hereinafter referred to.

The first question involves the right of the county board to levy taxes for more than a one-year period. The facts pertaining to this are not in dispute and are these: Pursuant to an act of the General Assembly in force July 10, 1933, (Laws of 1933, p. 417,) the county board of St. Clair county at its September meeting fixed its budget period as in that act required and made a levy for county purposes which it divided in two parts, one for twelve months and the other for three months, so that the combined periods coincided with the budget period required by the act of July 10 to be fixed. The levy for twelve months was made at the rate of twenty-five cents on each $100 valuation and for the three-months' period at one-fourth of twenty-five cents, or six and one-fourth cents, on each $100 valuation. The question on this objection is whether such levy for the three months is legal. There is no ob-

jection, so far as this point is concerned, to the twelve-months' period.

Section 1 of the act of July 10, 1933, is as follows: "In all counties not required by law to pass an annual appropriation bill within the first quarter of the fiscal year, the board of supervisors or board of county commissioners, as the case may be, shall after July 1, 1933, adopt each year an annual budget under the terms of this act for the succeeding fiscal year. The vote on such budget shall be taken by ayes and nays and entered on the record of the meeting. The annual tax levy shall be made only after the adoption of the budget. The first budget adopted under this act may cover a fiscal period different from that prescribed by this act, but such period shall end with the Sunday preceding the first Monday of December, 1934. Thereafter, the annual budget shall cover the fiscal year beginning with the first Monday of December, and ending with the Sunday preceding the first Monday of December of the succeeding year, and all appropriations made therein shall terminate on the thirty-first day of December of such succeeding year." Section 3 of that act provides that after the adoption of the county budget no further appropriation shall be made at any time during the fiscal year except as provided in the act. By section 4 the county board has no power to make any contract or do any act which shall add to the expenditures or liabilities in any year above the amount provided for in the annual budget except as in the act provided.

The budget period fixed pursuant to this act was from September 1, 1933, to December 2, 1934. Appellee argues that since the act does not specifically empower the county board to levy a tax for more than a one-year period, the levy for county purposes for the three-months' additional period to coincide with the period of the budget as adopted was illegal. Whether this is so depends upon the construction of section 1 of the act of July 10, 1933, un-

der which the action of the county board was taken. It is not contended that the General Assembly did not have power to authorize the levy of tax for such a period, but the argument is that it did not do so, and since taxing acts must be construed strictly, no such power was given to county boards.

By section 121 of the Revenue act (Cahill's Stat. 1933, chap. 120, par. 139, p. 2320,) the county board is required, annually, at the September session, to determine the amount of all county taxes to be raised for all purposes. The language of that section, standing alone, authorizes the levy of tax for a one-year period, only. The collector concedes that there is no language in the act of July 10, 1933, expressly authorizing the levy of a tax for more than a one-year period, but his counsel argues that such is the clear and necessary implication. Section 1 of that act provides that "the annual tax levy shall be made only after the adoption of the budget," whereas the first budget to be adopted under the act may cover a fiscal year different from that prescribed by the act, but the budget period adopted must end at the time fixed in the act for the closing of such period—that is, the Sunday next preceding the first Monday of December, 1934. It seems clear from this language that the General Assembly intended that all budgets, no matter what their period when the act was passed, should end in December, as indicated. This was a positive mandate. It seems equally clear that it was also the intention of the General Assembly that the levy of taxes covers the time of the budget period, since by this means only could the budget period and the levy period coincide. Nor does this violate the provisions of the Revenue act. The provisions of the two acts are to be read together. The General Assembly evidently intended, for the purpose of meeting the one contingency of a re-adjustment of budget periods, to authorize the levy of a tax for the fraction of a year, subject, of course, to the pro-

visions of the statute that the county tax shall not exceed twenty-five cents on the $100 valuation for any one year.

On October 23, 1933, this act was amended so as to authorize county boards to fix a budget period to cover any time they desired and to amend tax levies to conform therewith. It was evidently in the mind of the General Assembly when this amendment was adopted, that levies made after the passage of the act of July 10, 1933, had been made to conform, in period of time, to the budget period there required, else little reason can be seen for permitting the amendment of the levy as provided in the act of October 23, 1933. The act of October 23 can in nowise affect the validity of what was done under the act of July 10. The county board legally adopted a budget period to end on December 2, 1934, and we are of the opinion that it legally levied its county tax for the period ending December 2, 1934. The act of October 23 following was permissive, only, and in nowise required a change of the budget period or levy. It had no effect whatever on the action of the county board of St. Clair county.

It is clear that to construe the act of July 10, 1933, as contended by appellee would result in a hiatus, wherein the necessary revenue to conduct the government of the county would be stopped for a period of three months. The duty to adopt a budget as in that act provided was there made mandatory. The rate of twenty-five cents per annum was not exceeded. Counsel for appellee, however, contend that an annual levy means a levy for the calendar year and there is no authority anywhere for the levy of taxes for a different period. Cases cited by them support this contention, but under the construction of the act of July 10, 1933, as we view it, there is a necessary implication of authority in the county board to levy taxes for the three-months' period occasioned by the change of the budget period, and the cases cited, therefore, do not apply. The

county court erred in refusing judgment for the three-months' period of county tax.

Appellee appears here as cross-appellant seeking review of the judgment of the county court sustaining a levy of $35,430 to replenish the county general funds for money used to pay bond and interest installments. The facts, as shown by the undisputed testimony of the county treasurer and county clerk, are, that by reason of a deficiency in collection of taxes for the years 1931 and 1932 insufficient funds were collected to pay interest due on the county road bonds. The deficiency in 1931 amounted to more than $11,810 and for the year 1932 to more than $23,620, making a total deficiency of over $35,430. The amount of the levy was determined by taking into account probable collections by payment and property sales, which collections and receipts from sales were deducted from the total deficiency in the bond and interest account for those years, with the result that $35,430 was the remaining estimated deficiency for the two years after such deduction. The deficiency in the bond and interest account was met by using idle general funds of the county.

Counsel for cross-appellant concede that the county board has a right to borrow from idle funds of the county in case of deficiency in the bond and interest account to meet bond and interest installments as due, but they say this is not a case of borrowing from one fund but that the county funds were "used"—in other words, were diverted to that purpose—which the board had no right to do, and that this tax is a tax for general county purposes and is invalid for that reason. Looking at the substance of what was done we are convinced that the county board borrowed idle funds of the county to meet these payments on bond and interest account, and this tax is for the purpose of re-paying funds used in that way. This practice has been held to be legal. *Gates* v. *Sweitzer*, 347 Ill. 353.

Counsel for cross-appellant say, however, that the evidence shows that delinquent taxes were collected after the levy of this tax, and this fact is proof that the county board did not take into account elements which would result in the collection of some of the delinquent taxes in considering the necessary amount of this levy. As we have stated, the proof shows that the board estimated from the total deficiency in the bond and interest levy what could be collected. It, of course, had no way of knowing what could be collected, and to hold it to complete accuracy in its estimate would be to prevent it securing the funds to pay the bonds and interest, which the constitution requires that it do. As the delinquent taxes came in, either by delayed payment or through proceedings for collection of taxes levied for bonds and interest for the years 1931 and 1932, it was the duty of the county to place them to the credit of the bond and interest fund and to apply them on re-payment of the funds borrowed from idle funds of the county, but at the time of this levy the board could only estimate what those collections would be. The amounts collected on this levy are for the benefit of and are a part of the bond and interest funds of the county, and that part not necessary to re-pay the loan from the general funds of the county is to remain in the bond and interest fund, requiring so much less taxes to be raised to meet that fund in the future. Counsel cite cases having to do with loss and cost of collection and the elements necessary to be considered therewith. This is not a case of that kind, but is one where the county board was required, in order to protect the credit of the county, to meet the payments of bond and interest installments as they became due. In order to do this it borrowed from idle funds of the county. It is necessary that those funds be re-paid. The board could not have known how much it would be able to collect on the delinquent taxes, and there is no evidence that it did not use diligence in endeavoring to collect them,

and while the total amount may not prove necessary to re-pay to the general fund the money borrowed, yet, taking into account the possibility that not all of this sum levied will be collected, we are of the opinion that the county board was justified, in the exercise of sound business judgment, to make this levy.

Other taxes objected to by appellee are the corporate taxes of the city of East St. Louis and of the East St. Louis Park District. The objections to these are that they do not specify the purposes for which they were to be used. The items of East St. Louis tax objected to were: City hall, current expense, $10,250; city hall, furnishings and repairs, $2250; department of electricity, $6000; engineering department, $5500; board of health, current expense, $5750; outlet sewer pumping station, $3500; sewer department, $10,000. In the East St. Louis Park District the levy was: Officers' and employees' salaries, $12,700; park police department, $17,300; office rent, insurance and expenses, $8500. The county court held that these were not sufficiently specific to be sustained at law and judgment for those items was denied. Numerous cases in this court have iterated and reiterated the rule that governs taxing officers in this class of levies. Section 1 of article 8 of the Cities and Villages act requires that the annual tax levy ordinance specify in detail the purposes for which all appropriations to be collected from the tax levy are made and the amount appropriated for each purpose. Numerous decisions of this court have announced this rule, and the variation in the conclusions reached has been due only to the variation in the language of the appropriation and levy ordinance. (*People* v. *Baltimore and Ohio Southwestern Railroad Co.* 359 Ill. 301; *Siegel* v. *City of Belleville,* 349 id. 240; *People* v. *Eastern Illinois and Missouri Railroad Co.* 335 id. 245; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 256 id. 423.) Levies similar to the one here, for "officers' and employees' sal-

aries $12,700," have been held valid. (*People* v. *Chicago and Alton Railroad Co.* 273 Ill. 452; *People* v. *Illinois Central Railroad Co.* 271 id. 236.) In *People* v. *Vogt*, 262 Ill. 170, it was held that a levy for "officers' and employees' fees and salaries" should be separated. We are of the opinion that the levy here is sufficiently specific. For the reasons given in the cases cited, other levies here made are not sufficiently separated and the county court was right in refusing judgment for them.

The judgment of the county court sustaining objections to county taxes levied for three months of the budget period was erroneous and is reversed. Its judgment sustaining objections to the city and park taxes other than for officers' and employees' salaries, and overruling objections to the levy of the tax to re-pay funds borrowed, is affirmed. The cause is remanded to the county court, with directions to overrule the appellee's objection to the county tax and the park tax for officers' and employees' salaries.

*Reversed in part and remanded, with directions.*