(No. 23646.—)

THE PEOPLE *ex rel.* BILL GHENT, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 18, 1937.*

W. W. WHEATLEY, (H. N. QUIGLEY, and S. W. BAXTER, of counsel,) for appellant.

JOHN R. KANE, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

The county collector of Saline county applied for judgment and order of sale of appellant's property in that county for the collection of its delinquent taxes for the year 1933. Appellant filed objections to certain items thereof. For the purpose of convenience these objections have been here grouped, subdivided and numbered from 1 to 7, inclusive, and will be treated and referred to herein under such assigned numbers as follows: (1) the county levy, (2) the levies for the county road bond tax, the special road tax in each of the towns of (3) East Eldorado, (4) Raleigh and (5) Harrisburg, (6) the city tax of the city of Eldorado and (7) the village tax of Carrier Mills. Objections to each of the above levies were overruled. Judgment was

rendered against the objector. It has brought the case here for review.

Objection (1) concerned items of the county tax appearing in the levy as follows: "Court costs, $5000;" "fuel, court house and jail, $300;" "light and water, court house and jail, $1200." The basis of the objection to these items was that each embraces a tax for two separate and distinct purposes without designating the amounts levied and appropriated for each purpose separately, as required by section 121 of the Revenue act. (State Bar Stat. 1935, chap. 120, p. 2628.) Section 121 so far as material to the issues here is: "The county board * * * shall, annually, * * * determine the amount of all county taxes to be raised for all purposes. When for several purposes, the amount for each purpose shall be stated separately."

It was stipulated that the item of "court costs" was designed to cover the fees and mileage of jurors in all courts of record in the county, including circuit court, county court, the city courts of Harrisburg and Eldorado; jurors in coroner's inquests; regular bailiffs and all special bailiffs in all courts of record; foreign witness fees in all courts, and court reporters in the city courts of Harrisburg and Eldorado. It is obvious that the term "court costs," as written in the levy, was not used in its technical meaning as being costs taxable in litigation but was employed as meaning "court expenses." In that sense the levy was made to meet the current and incidental expenses, exclusive of the salaries to be paid the court officials for conducting the courts of the county, including the jurors' fees in the holding of coroners' inquests. The different items contemplated bore a definite relation to one another in the operation of the courts. It was not necessary to particularize the several items and the amount levied for each. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312.) The county court did not err in overruling the objection to the item of "court costs." The objections to the items "fuel,

court house and jail, $300" and "light and water, court house and jail, $1200" were properly overruled. Levies in identical language were held sufficient in *People* v. *Chicago and Eastern Illinois Railway Co.* 336 Ill. 506.

The grounds urged against the legality of the rates, or a portion thereof extended by the county clerk, by some of the remaining objections, the legal principles controlling the decision of the issues raised and the proofs made relative to each of such objections were practically the same.

Objection (2) attacks the levy for the county road bond tax. The county treasurer informed the county clerk of the deficiency in that tax and the amount of the deficit in the collection of the levies for the prior years. He filed with the county clerk a written statement requesting him to add the amount of the deficit and to extend the tax to include the same. Objections (3), (4) and (5) relate to the special road bond taxes of the towns of East Eldorado, Raleigh and Harrisburg. The supervisors respectively of these towns informed the county clerk of the then existing deficits in such bond taxes and in addition each filed with him a signed certificate containing a statement of the amount of such deficiency. A rate was then extended by the county clerk which covered the respective deficits. The county clerk testified that in extending the taxes to include the amount of these respective deficits he did not consider the written statement of the county treasurer or of the respective supervisors but took into consideration the amount of revenue realized from taxes in previous years, together with the amount of losses sustained in the same period. No supplemental levies were made by the proper taxing authorities to cover such deficiencies.

More particularly appellant's objections other than (1) may be further detailed under such designated numbers as follows: (2) to four cents of the rate of thirty-four cents extended to pay the portion maturing of the Saline county road bond issue of $450,000 together with the then exist-

ing deficiency in that fund. In its brief filed in this court the objector waived its objection as to one cent. It here urges that three cents of the levy is illegal and void. Its contentions are that (*a*) the county clerk in extending the tax rate of thirty-four cents for the year 1933, included an item of deficit in the sum of $2481.89, when no supplemental levy therefor had been made by the proper taxing authorities and (*b*), erroneously considered as losses in the past, all delinquent personal property taxes not collected in previous years. The reasons alleged are that (*a*) the legal means of enforcing collection thereof had not been exhausted nor in fact set in motion, (*b*) the clerk considered as losses, real estate forfeited to the State and for the various years, "objections sustained," "objections pending," "objections in litigation" and "discounts allowed." It is charged that these were, severally, improper items for consideration under the subject of loss. To avoid repetition the subject of these latter objections will be hereinafter referred to as subdivision (*b*) of objection (2).

(3) To twenty-three cents of the eighty-nine-cent rate extended by the county clerk to pay the currently maturing portion of the special road tax of the town of East Eldorado bond issue of $51,800, together with the deficiencies in that fund. This objection was based on two grounds: (*a*) that the county clerk in extending the tax for 1933 improperly included an item of deficiency in the sum of $3500, and (*b*) the same grounds of alleged illegality in considering items of loss, more particularly above set forth under subdivision (*b*) of objection (2).

(4) To twenty-three cents of the $1.23 rate extended by the county clerk by reason of the special road tax of the town of Raleigh levied to pay the portion maturing of a bond issue for road and bridge purposes in the total sum of $60,000, together with the then existing deficiency in that fund. Appellant here waives four cents of the twenty-three-cent rate objected to. This objection was founded

on two grounds: (a) the county clerk in extending the tax improperly included an item of deficiency in the sum of $1000, and (b) the same grounds of alleged illegality in considering items of loss, more particularly set forth under subdivision (b) of objection (2).

(5) To three cents of the thirty-three-cent rate extended by the county clerk to pay the then maturing portion of the special road bond issue of $150,000 of the town of Harrisburg, together with the existing shortage in that fund. The appellant in this court has waived one cent of the three cent rate objected to. The objections charge (a) the county clerk in extending the tax improperly included an item of deficiency in the sum of $1000, and (b) the same grounds of alleged illegality in considering the items of loss, more particularly above set out under subdivision (b) of objection (2).

(6) To twelve cents of a rate of $1.56 extended by the county clerk in connection with the city tax of the city of Eldorado. One of the two objections against the legality of the twelve-cent rate was that the county clerk in extending the tax considered all delinquent personal property taxes in the previous years as a loss, for the same reasons mentioned under subdivision (b) of objection (2). The other objection to this twelve-cent rate will be hereinafter considered.

(7) That four cents of a rate of $1.41 extended by the county clerk in connection with the village tax of the village of Carrier Mills was illegal and void for the same reasons set forth under subdivision (b) of objection (2).

We will first take up appellant's objections based on the question of the deficits considered by the county clerk in extending the taxes in each of objections (2), (3), (4) and (5), and next the question of losses in previous years considered by the county clerk in extending the taxes for the year 1933. The decision of these two questions under the objection (2) will likewise apply to and be decisive of the

same issues raised under the objections (3), (4), (5), (6) and (7) heretofore detailed.

To sustain the inclusion of the extension by the county clerk of the item of deficiency in objection (2) the appellee contends (*a*) the county board had at the time the bonds were issued, made a levy of a direct annual tax sufficient to pay the bonded indebtedness at maturity, (*b*) it was the duty of the county clerk to extend the tax at such rate as to produce sufficient funds to pay all indebtedness due on these bonds without any further resolution being directed to him and (*c*) under the provisions of section 12 of article 9 of our State constitution, it was the county clerk's duty to extend a rate to produce an amount sufficient to pay the deficiencies. In support of its argument appellee declares that under prior decisions of this court the constitutional provision contemplates not only a levy sufficient to pay the interest and principal of the bonds as they mature, but likewise requires the collection of taxes in such amounts; that no supplementary legislation is necessary to make it effective, the provision being mandatory and self-executing. As sustaining this position he cites *People* v. *New York Central Railroad Co.* 355 Ill. 80; *Gates* v. *Sweitzer,* 347 id. 353; *People* v. *New York, Chicago and St. Louis Railroad Co.* 323 id. 493; *People* v. *Louisville and Nashville Railroad Co.* 300 id. 312.

We agree with the general principles enunciated in those cases, but here the proof shows that no supplemental levy was made by the county board to supply the insufficiency in the bond fund. The county clerk in extending the tax acts only in a ministerial capacity. His duty consists in ascertaining the amount required to produce the amount certified according to law. The sources of information to which he is confined consist of the tax levies duly certified to him, made by the proper taxing bodies, to which he may add a reasonable amount for loss and costs of collection, provided the amount so levied does not in such case exceed

the amount permitted by law. (*People* v. *Illinois Central Railroad Co.* 361 Ill. 590; *People* v. *Westminster Building Corp.* id. 153; *People* v. *Chicago and Alton Railway Co.* 289 Ill. 282; *People* v. *Sandberg Co.* 282 id. 245.) To warrant the clerk in extending the tax to include this deficiency there should have been certified to him a supplemental levy made by the board of supervisors. (*People* v. *Sandberg Co. supra.*) The county clerk had no legal authority to include the amount of this deficit in calculating the amount to be extended. The appellant's objection thereto was well taken and should have been sustained. For the same reasons the clerk was without legal authority to include the respective deficiencies of $3500 in the town of East Eldorado road bond tax, of $1000 in the town of Raleigh road bond tax and of $1000 in the town of Harrisburg road bond tax in calculating the rates to be extended in those taxing districts. The objections thereto as modified by appellant in this court should have been sustained.

In the items of loss and cost extended by the clerk, no question is made as to the amount of tax extended to include the cost of collection: *i. e.,* the extension fees, the collector's commission and the treasurer's commission, but the appellant's argument is directed only to the item of loss. The testimony of the county clerk was that in extending the taxes and determining the rate for the various political subdivisions he took cognizance of the amount of revenues realized from the taxes in previous years, the amount of loss sustained in previous years, together with the cost of extending and collecting these various taxes. He treated as losses in the past all delinquent personal property taxes not collected, all real estate forfeited to the State, objections sustained, objections pending, objections in litigation and discounts allowed. "Real estate forfeited" does not represent a tax loss. "Judgments refused" do not indicate a loss but an unauthorized tax, while "pending and appealed" refer to taxes in process of collection. (*People* v. *Chicago*

*and Northwestern Railway Co.* 322 Ill. 150.) It is self-evident that "objections sustained" would likewise not represent a loss but an unauthorized tax (*People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 354 Ill. 438; *People* v. *Sandberg Co. supra;*) and that "objections pending and in litigation" and "discounts allowed" would not represent a tax loss. *People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra.*

The purpose of a levy for loss and cost is to insure the necessary amount of money in the treasury to meet the expenses and obligations at the proper time. We have held that the county clerk in extending taxes may add a reasonable amount for loss and cost where it has not been added by the taxing body. Courts will not interfere with the exercise of sound business judgment on the part of public authorities but will intervene to prevent an abuse of discretion. (*People* v. *North Western Mutual Life Ins. Co.* 361 Ill. 248; *People* v. *Chicago and Northwestern Railway Co. supra.*) The burden of showing an abuse of discretion rests upon the objector but it is not essential that actual fraud be proved. (*People* v. *North Western Mutual Life Ins. Co. supra.*) Where the evidence shows on the part of those charged with the collection of the personal property tax such a dereliction of duty that no attempt has been made to collect it and there is no evidence in the record showing what proportion of such delinquent tax, if any, is uncollectible, it must be held to show such an arbitrary exercise of the taxing power as to amount to an abuse of discretion. *People* v. *Chicago and Northwestern Railway Co. supra.*

It is proper to include uncollected personal property tax under "loss" only after a bona fide effort has been made to collect it. (*People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra; People* v. *Chicago and Northwestern Railway Co. supra.*) The evidence with reference to the delinquent personal property taxes showed that no record

was kept in the county collector's office of any distress warrants issued out of his office for their collection. No proof was made that any such warrants were in fact issued. No schedule of the delinquent personal property tax had been placed in the hands of the State's attorney for suit or collection. The county collector's testimony was that he had given such delinquent personal property taxes for collection to special collectors or justices of the peace but admitted that his records do not disclose any such action, nor show any report or record of what collections, if any, were made in that manner. He did not attempt to justify the course pursued by reference to any statutory enactment authorizing such method of procedure. No liens for delinquent personal property tax for the years 1930, 1931 and 1932 were filed against any real estate in Saline county. The evidence showed a number of such delinquents owned real estate in that county. No proof was made as to any actions in debt being instituted against any person to enforce collection of any delinquent personal property tax in previous years. The deputy county collecter was interrogated in detail relative to the collectibility of numerous individual delinquent personal property taxes due from residents of the county. His testimony showed that in a very large number of specific cases about which he was questioned, the delinquent taxes could be collected and in many other cases collection of the delinquent personal property taxes could be enforced against the tax-payers' real estate. It is obvious from the evidence introduced at the hearing on this subject that little, if any, effort was made to collect the delinquent personal property taxes of 1930, 1931 and 1932. No statutory procedure for their collection was either followed or even initiated. Since there is no evidence in the record showing what proportion of such delinquent personal property taxes, if any, is uncollectible, it must be held to be such an arbitrary exercise of the taxing power as to amount to an abuse of discretion. (*People* v. *Chicago, Milwaukee,*

*St. Paul and Pacific Railroad Co. supra; People* v. *Chicago and Northwestern Railway Co. supra.*) The county clerk therefore improperly considered the same under the head of loss and appellant's several objections, as modified by it in this court, to the items of loss as above enumerated under objections (2), (3), (4), (5), (6) and (7) should have been sustained.

Appellant's remaining contention in connection with the city tax of the city of Eldorado under objection (6) was that the twelve-cent rate there objected to included in the total of $50,758.92 levied for general corporate purposes, an item designated "for the payment of fees and salaries of the city officers and employees, the sum of $6000." The objector challenges the legality of this tax as being a levy for two separate and distinct purposes without designating the amount levied separately for each purpose as required by statute. The assault made thereon is that such item should have been divided into two sections (1) stating the amount for fees and salaries of officers and (2) the salaries for employees. Objector claims this levy is closely analogous in phraseology to the levy made by the East St. Louis Park District for "officers and employees fees and salaries" reported in *People* v. *Vogt,* 262 Ill. 170, where it was held that the levy there involved was illegal because the amounts for each of the purposes expressed were not divided. An examination of that case shows that the levy by the Park District was made under section 22 of the Park act approved June 24, 1895. That act provides that all taxes authorized to be levied by the corporate authorities of any park district shall be levied at the same time and in the same manner as nearly as practicable as taxes are now levied for city and village purposes under the laws of this State. State Bar Stat. 1935, chap. 105, p. 2295.

Section 2 of article 7 of the Cities and Villages act (State Bar Stat. 1935, chap. 24, p. 354,) provides that the annual appropriation ordinance "shall specify the objects

and purposes for which such appropriations are made, and the amount appropriated for each object or purpose." Section 1 of article 8 of that act states that such municipal authorities shall each year "ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose, respectively, shall levy the amount so ascertained." State Bar Stat. 1935, chap. 24, p. 359. After stating in our opinion in the *Vogt case* that these provisions of the Cities and Villages act as to specifying in detail the purposes for which the taxes are levied must be strictly followed, we further said, "The object of stating in the levy the amount for each purpose separately, * * * is to give the tax-payer an opportunity, if he desires, to prevent illegal and unjust levies and assessments. Such statutes should receive a fair and reasonable construction in order to be effective and accomplish the end desired. No absolute rule can be laid down as to just how many separate subdivisions or heads a given tax levy should be divided into. Each case, in some measure, must be decided in accordance with its special facts." It appears that the trial court had held the levy illegal and void "for the reason that said item is not sufficiently specific, and for the further reason that no salaries and fees are provided by law for said officers." The decision of this court affirming the order of the trial court likewise considered both grounds in deciding that the expressed purposes of the levy should have been subdivided and stated that had they been separated, interested property owners could have decided without difficulty whether the park commissioners were unlawfully levying taxes for salaries for themselves as claimed. The apparently controlling factor involved in the above case would be inapplicable to the instant case. While the park commissioners of that district could not lawfully receive a

salary, yet there is statutory sanction for the payment of salaries to the officers of a city.

In *People* v. *Chicago and Alton Railroad Co.* 273 Ill. 452, decided subsequent to the preceding case, the question presented for review was whether an item of the county tax levy of Logan county "for the payment of fees and salaries and clerk hire .of the various county officers" was vulnerable on the ground that it was for more than one purpose and failed to designate separately the amount for each purpose. We there stated it was "not necessary or practicable that each particular purpose for which a tax is levied shall be specifically stated" and that "no valid objection can be urged to levying a gross sum for several different purposes where the several purposes are embraced within the same general designation." We held in that case that the fees, salaries and clerk hire of the various county officers were properly included in the levy under the same general designation. We can see no material difference in the language of that levy from the one here "for the payment of fees and salaries of the city officers and employees." To say the enumerated items of this levy should have been separated would be to depart from our former conclusion in *People* v. *Chicago and Alton Railroad Co. supra.* The salaries of city officers are fixed by city ordinance. The object of a levy is to raise funds to pay fees and salaries of both city officers and city employees. These purposes are very closely related and we think are sufficiently separated to meet the applicable statutory requirement. The judgment of the trial court overruling this objection was correct.

For the reasons indicated the judgment of the county court of Saline county is affirmed in part and reversed in part and the cause is remanded to that court to enter judgment in accordance with the views herein expressed.

*Affirmed in part, reversed in part*
*and remanded, with directions.*