(No. 25898.-

THE PEOPLE *ex rel.* John Toman, County Collector, Appellant, *vs.* M. T. SAGE, Appellee.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

THOMAS J. COURTNEY, State's Attorney, and BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, OTHO S. FASIG, J. HERZL SEGAL, and NORMAN N. EIGER, of counsel,) for appellant.

SCOTT, MACLEISH & FALK, (ROBERT S. CUSHMAN, POMEROY SINNOCK, and JOHN J. O'BRIEN, of counsel,) for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Objections by appellee Sage were sustained to items described as "forfeitures" and "abatements" in the year 1937 appropriation ordinance for the corporate fund of the city of Chicago; the library fund for the city of Chicago; the library building fund for the city of Chicago, and the municipal tuberculosis sanitarium fund for the city of Chicago in the total amount of $2,092,677.56. Objections were also sustained to an appropriation for the street and alley cleaning division of the bureau of streets of the city of Chicago in the amount of $1,600,000 because the appropriation was not itemized as required by law. The revenue is involved, authorizing a direct appeal to this court.

The form of appropriation in the ordinance for corporate purposes of the city of Chicago is as follows:

```
Surplus appropriable for year 1937................$   56,871.94
   Revenue of year 1937—appropriable:
      Tax levy of year 1937..........           37,000,000.00
      Other revenue, as listed below... $18,960,000.00
      Less reserves ................    3,700,000.00
      (a) Estimated amount
            to cover loss and
            cost of collecting
            1937 taxes .......$1,713,000
      (b) Estimated amount
            of 1937 taxes for
            non-payment of
            which real estate
            will be forfeited...  1,850,000
      (c) Estimated amount
            of 1937 taxes which
            will be abated.....    136,900
                                   ―――――――
               Net other revenue.................. $15,260,000.00
                                                   ―――――――
Total for year 1937............................ $52,316,871.94
```

This form of appropriation is similar to that used for the other items under consideration. The particular items objected to in the appropriation ordinance are the items "b" and "c," being respectively for estimated amount of 1937 taxes for non-payment of which "real estate will be forfeited," and an item for which taxes will be "abated." At the time the appropriation levy was adopted the statute provided that within the first quarter of each fiscal year an ordinance termed "an annual appropriation bill" should be adopted, appropriating all of the sums deemed necessary to defray the expenses and liabilities of the corporation to be paid or incurred during the fiscal year. It required the ordinance should set forth estimates by classes of all current assets and liabilities of each fund as of the beginning of the fiscal year, and the amount of such assets

available for appropriation in such year. With respect to such items the statute provided: "Estimates of taxes to be received from the levies of prior years shall be net after deducting amounts estimated to be sufficient to cover the loss and cost of collecting such taxes, and also the amount of such taxes for the non-payment of which real estate has been or shall be forfeited to the State, and abatements in the amount of such taxes extended or to be extended upon the collector's books," etc. (State Bar Stat. 1935, chap. 24, par. 93.) The law also provided for an estimate of liabilities, and a detailed estimate of all taxes to be levied for such year, and of all other current revenues to be derived from sources other than taxes, which will be applicable to be expenditures or charges to be made or incurred during such year. Paragraph 93, *supra,* also details the manner in which such appropriations be made for the several expenditures or charges, and after enumeration provides: "(e) An amount or amounts estimated to be sufficient to cover the loss and cost of collecting taxes to be levied for such fiscal year, and also the amounts of taxes so levied for the non-payment of which real estate shall be forfeited to the State, and abatements in the amounts of such taxes as extended upon the collector's books."

It is claimed that the provision authorizing the appropriation for the estimated amount of real estate forfeitures and abatements is void as a violation of the constitution. The objection in this case goes to the appropriation ordinance required preliminary to the levy of taxes, for the purposes set out in such ordinance. The appropriation in this case follows the form specified by the statute.

No decision has been called to our attention in which appropriations for the estimated amount of real estate forfeitures or abatements have been specified separately, and unless the provision of the statute is in violation of the constitution the appropriation ordinance is in proper form. Ap-

pellee calls our attention to *People* v. *Northwestern Mutual Life Ins. Co.* 361 Ill. 248, and *People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 354 id. 438. In each of these cases the appropriation and levy was for loss and cost. A separate appropriation for forfeitures or abatements was not made. In *People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra,* we held that estimates for "real estate forfeited," "judgments refused," and "appeal pending" were not included within the term loss and cost, as they each represented entirely different reasons why taxes were not available. In the same case it was also held that uncollected personal property tax could not be included within the term loss and cost where no *bona fide* effort was shown to collect such personal property taxes. The holding in *People* v. *Northwestern Mutual Life Ins. Co. supra,* was the same, and there, also, the appropriation was for "loss and cost." Neither of these cases passed upon the effect of making an appropriation for forfeitures or abatements as authorized and directed by statute under a separate designation.

Appellees claim, however, that the *Northwestern Mutual Life Ins. Co. case, supra,* held that the constitutional guaranty of equality of taxation would be violated by making an appropriation for forfeitures or abatements. The comment in that case was not directed to this subject matter, but was said with respect to an utter failure to make an effort to collect personal property tax in a sum aggregating almost $4,000,000. It was a notable lack of diligence in the collection of taxes about which the language in that case was used, and not the fact of estimating real estate forfeitures as a part of loss and cost. These two cases involved the taxes of 1929 and 1931, at which time there was no provision in the statute with respect to appropriating for real estate forfeitures. Ill. Rev. Stat. 1931, chap. 24, par. 102.

The case of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* 365 Ill. 443, has no application to the effect of the appropriation statute under consideration, as the levy involved was made in a county of less than 135,000 people. It does, however, adhere to the former holdings that "loss and cost," as an item for appropriation, does not include such items as "judgments refused" and "real estate forfeitures."

Appellant calls our attention to *People* v. *Diversey Hotel Corp.* 364 Ill. 298, which involved the city of Chicago taxes for the year 1933, and *People* v. *Schweitzer*, 366 Ill. 568, which involved taxes for the year 1934. In the *Diversey Hotel Corp. case,* a "loss and cost" appropriation was considered, and we held it was not subject to objection as being excessive, where the said amount was not levied, but taken into account with other items, including income, in arriving at the net amount to be levied. In the *Schweitzer case* the appropriation was for "loss and cost," and the objection made was that the estimate was a higher percentage than was approved in *People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra,* but we held that, under the circumstances shown by the proof, it was permissible, owing to the different economic conditions affecting collections at the time the appropriation and levy was made. In commenting upon appropriations as required by statute this court said: "Loss and cost allowances in a budget appropriation, not embraced in the levy, are not for money to be expended. The taxpayer gets his information as to the amount and the purpose for which the money is to be used, from the items appropriated and levied for expenditure. By a loss and cost appropriation, he is also informed that it is estimated a certain percentage of the taxes extended will be delayed in collection, absorbed in costs, or lost. The remainder, only, of the appropriation levy is to be expended. Loss and cost appropriations are merely balanc-

ing items for taxes which it is estimated the taxing bodies will not receive." From the foregoing resumé of the later cases involving loss and cost in an appropriation it will be observed there is no decision that an appropriation for "forfeitures" or "abatements" is illegal, except as they are claimed to come within the terms "loss and cost."

The statute under consideration in force at the time the 1937 appropriation for the city of Chicago was made, required the city council to include items for real estate forfeitures and abatements. These items, the same as loss and cost, represented taxes that the corporate authorities estimate they will not collect and have available for disbursement. Loss and cost items represent taxes that will never be available for expenditure, as likewise do abatements. Forfeitures may or may not ultimately result in the collection of tax money, but the legislature has recognized that there is a likelihood of uncollected taxes from this cause, at least for the current year, and authorized the city authorities to take it into consideration in their appropriation ordinance for the purpose of ascertaining what net amount of taxes will be realized from a levy. Under the statute, "real estate forfeitures" and "abatements" are balancing items in appropriations similar to those for loss and cost. The grounds of objection sustained in former cases are not present in this case because, as pointed out above, the appropriation contains a separate item for loss and cost, and separate items for both "forfeitures" and "abatements."

A statute is presumed to be constitutional, and every reasonable doubt is resolved in its favor, (*People* v. *Newcom,* 318 Ill. 188; *Liberty Foundries Co.* v. *Industrial Com.* 373 id. 146; *Winberry* v. *Hallihan,* 361 id. 121;) and no sufficient reason has been pointed out that requires us to hold a statute authorizing the inclusion of forfeitures and abatements, as balancing items in an appropriation ordinance, would violate the constitution any more than would

like appropriations for cost and loss. It is our conclusion that the county court erred in sustaining objections to these items.

The appropriation for street and alley cleaning, under bureau of streets of the city of Chicago is as follows:

"Amounts
Appropriated

"For hire of teams, carts and motor trucks as needed at the rates specified and for the purchase of waste collection equipment when approved by the city council:

"Motor trucks at established rates.
Team hire at not to exceed $11.75 per day.
Carts at not to exceed $8.00 per day.
Single horses and drivers on weed cutters at
$8.00 per day.
63-S-32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,600,000.00."

Appellant claims that such itemization is sufficient under *People* v. *Clark,* 296 Ill. 46. The appropriation there considered was "cleaning of streets and alleys; removal of snow, street sweepings, collection and removal of garbage, and miscellaneous waste." It was held that this stated but one purpose, viz.,—the removal of waste material from the streets of the city of Chicago. The appropriation in that instance did not involve the purchase of new equipment. The appropriation under consideration in our opinion represents two purposes: (a) For hire of teams, carts and motor trucks as needed at specified rates, for which the rates are fixed for motor trucks, team hire, carts and single horses and drivers on weed cutters; and (b) for the purchase of waste collection equipment when approved by the city council. Under this appropriation any part of the sum of $1,600,000 could be expended for hiring of equipment and paying drivers, or could be substantially expended for the purchase of equipment. One of these purposes represents a current expense, the other represents a capital investment. In the *Clark case, supra,* the expenditure of money for a capital equipment account was not included.

While it is sometimes difficult to tell whether an appropriation or levy is for a single or a multiple purpose, yet the later cases indicate that expenditures for operation and maintenance represent a different purpose than expenditures for equipment, although they may all relate to a single department. Thus an appropriation "for the operation, equipment, support and maintenance of police department and payment of salaries therein," was held invalid in *People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 359 Ill. 351. We there said: "Salaries, equipment and maintenance are not the same purposes, though they may all relate to a single department. Under the appropriation and levy before us no one may say whether the amount intended for salaries is unreasonable or the amount to be used for equipment is unjustified, for no one may know what is appropriated for each. * * * Instead of being a separation it is a combination in the one item, which the statute prohibits." The same result was reached in *People* v. *Devine Realty Trust,* 366 Ill. 418.

We agree with appellant that it is not necessary to specify every item which a municipality may pay out upon an appropriation, and that a single appropriate general purpose is sufficient to include every expenditure required for that purpose, although there may be many items. However, in the present case, if we take the general purpose as "street and alley cleaning division," the designation of an amount for the "purchase of waste collection equipment" certainly would not include within its meaning the hiring of motor trucks; nor, on the contrary, would an appropriation for "hiring of trucks" include the purchase of trucks. In such an appropriation, the combination of expenditures, part of which will be consumed during the current year, and the other part of which will be invested in equipment which will last many years, does not follow the statutory requirement of itemization for a single purpose, as contemplated by law.

The judgment of the county court of Cook county in sustaining objections to the appropriation for forfeitures and abatements in the several funds is reversed and the cause remanded, with directions to overrule the objections, and its judgment, sustaining objections to the appropriation for street and alley cleaning purposes, is affirmed.

*Reversed in part, and affirmed in part.*

Mr. JUSTICE STONE, dissenting: I cannot concur in the holding of this opinion with reference to the item for forfeitures and abatements. The county court held that that item entered into the levy and resulted in excessive taxation. I think the record shows that the county court was right.