(Nos. 25916, 25917, 25918, 25919.—)
THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellant, *vs.* THE 1500 LAKE SHORE DRIVE BUILD-ING CORPORATION, Appellee.—THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellant, *vs.* ELSA B. CHAPIN, Appellee.—THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellant, *vs.* THE 6901 OGLES-BY AVENUE APARTMENT BUILDING CORPORATION, Appellee.—THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellant, *vs.* THE HIGHLAND BUILDING CORPORATION, Appellee.

*Opinion filed April 10, 1941.*

THOMAS J. COURTNEY, State's Attorney, RICHARD S. FOLSOM, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, and THOMAS M. THOMAS, of counsel,) for appellant.

ROBERT N. HOLT, ADELBERT BROWN, and SCOTT, MAC-LEISH & FALK, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal by the county collector from an order and finding of the county court of Cook county, in these consolidated causes, that appropriations of the board of education and abatements and deferred collections, reflected in the tax levy for 1938, are illegal, and ordering that the taxes produced by the rates be returned to them, and denying the county collector's application for judgment and order of sale.

Appellees paid, under protest, certain taxes extended by the board of education of the city of Chicago against their real estate, and objected to appellant's application for judgment and order of sale against real estate returned delinquent for the non-payment of taxes for 1937 and 1938. Appellee, the 6901 Oglesby Avenue Apartment Building Corporation, filed written objections to the 1937 levy for the board of education of the city of Chicago on the ground that appropriations for "abatements and for deferred collections" increase the tax levy for that year by the amount of the appropriations; that these items are not proper items for which appropriations and levies can be legally made, are not authorized by any valid statute, are not for any corporate purpose, and are, to that extent, illegal. Appellee, the Highland Building Corporation, charged that the said appropriations violate section 1 of article 9 of the State constitution, and that forty per cent of the appropriations represented abatements and deferred collections and that, to that extent only, they were illegal, therefore the tax levy was illegal in a similar amount. Appellees, the 1500 Lake Shore Drive Building Corporation and Elsa B. Chapin filed written objections to the 1938 levy for the board of education of the city of Chicago, on the ground that certain appropriations for loss and cost, abatements and deferred collections are illegal because they violate section 2 of article 2 of the Illinois constitution of 1870 and the fourteenth amendment to the Federal constitution; because they are unable to distinguish the several amounts appropriated for the three purposes named by the appropriations, and because they are double and extremely vague and uncertain. Appellees also urged orally, in the trial court, that the 1937 and 1938 appropriations, and the statute pursuant to which they were made, violate section 9 of article 9 of the State constitution.

The 1938 tax levy included for loss and cost, abatements and deferred collections appropriated under the same items

of standard accounts, as above, aggregating $6,209,273. It is admitted that in both 1937 and 1938, in the total appropriation for each fund there is included abatements and deferred collections.

Appellant admits that of its 1938 appropriation of $133,921,844.18 for its educational fund, $79,726,964.18 was for unpaid liabilities incurred during prior years, leaving $54,194,880 for expenditure in the current year 1938. This latter sum included an item of $4,500,000 for loss and cost, deferred collections and abatements, six-tenths of which was for loss and cost, three-tenths for abatements and one-tenth for deferred collections, leaving appropriated for expenditure, in the year 1938, $49,694,880. To determine the amount necessary to raise in taxes, it was determined that there was a surplus of existing assets in excess of liabilities previously incurred of $1,163,898.67, and income from miscellaneous revenue other than taxation of $8,031,000, or a total of $9,194,898.67. Deducting $9,194,898.67 total income or resources other than from taxation from the total appropriated for actual expenditure of $49,694,880, leaves, necessary to raise by taxation, $40,499,981.33. Appellant admits that the levy to meet the expenditures was in the sum of $45,000,000.

The sole issue in each of the cases is the validity of levies for abatements and deferred collections included in the board of education 1937 and 1938 tax levies.

This question arose and was considered and decided in *People* v. *Sage,* 375 Ill. 411, and *People* v. *Advance Heating Co. ante,* p. 158. The issues here presented were, in effect, the same, and those decisions are controlling here.

The judgment of the county court in each of the causes is reversed and the causes remanded, with directions to overrule the objections in each cause.

*Reversed and remanded, with directions.*