(No. 26277.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOSEPH JERRY, Appellant.

*Opinion filed September 17, 1941.*

H. E. RAYMOND, for appellant.

GEORGE F. BARRETT, Attorney General, and THOMAS J.
COURTNEY, State's Attorney, (ALBERT E. HALLETT, JR.,
of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

An amended information filed in the county court of
Cook county charged the defendant, Joseph Jerry, with

unlawfully engaging in the business of performing service of a guard or other person for the purpose of protecting property in violation of section 3 of "An act to provide for licensing and regulating detectives and detective agencies." Defendant's motion to quash the information, as amended, averred that the statute violates the fifth and fourteenth amendments to the Federal constitution, and sections 1 and 2 of article 2, and sections 13 and 22 of article 4, of our constitution. The motion was overruled, defendant waived a trial by jury, was found guilty and fined $25, and costs. Defendant has prosecuted a direct appeal, the validity of a statute and a construction of the constitution being involved, within the contemplation of section 75 of the Civil Practice act.

So far as relevant, section 1 of the applicable act, (Ill. Rev. Stat. 1939, chap. 38, par. 608b, p. 1194,) provides: "The private detective business, as used in this act, shall consist of the following: The business of making, for hire or reward, an investigation or investigations for the purpose of obtaining information with reference to any of the following matters: * * * the causes, origin or responsibility for fires or accidents or injuries to real or personal property; * * * or the business of furnishing for hire or reward guard or guards, or other persons to protect persons or property; or to prevent the theft or the unlawful taking of goods, wares and merchandise, * * *. A detective agency, as used in this act, shall mean and include any person, firm or corporation engaged in the private detective business who employs one or more persons in conducting such business. A private detective, as used in this act, shall mean and include any person who, singly, conducts a private detective business without the assistance of any employee." Section 2 enumerates exemptions from the act, stating that its provisions shall not apply, among others, to "any person making any investigation of any matter in which such person or the person, firm or cor-

poration by whom such person is solely employed is interested or involved." The third section, under which defendant was prosecuted, ordains: "It shall be unlawful for any person to engage in or attempt to engage in the private detective business without a certificate of registration as a private detective issued by the Department of Registration and Education." The fourteenth section makes a violation of the act a misdemeanor and provides that, upon conviction, punishment shall be a fine of not less than twenty-five nor more than five hundred dollars, or imprisonment in the county jail for a term not to exceed six months, or both.

A stipulation of facts discloses that on July 10, 1940, defendant, under the name of "Independent Patrol Service," was engaged in the occupation of performing services for the public, or various of them, comprising the going from place to place during certain intervals of the night in order to check up on residences, stores or garages, private or otherwise, to ascertain if the door or doors were locked, or anything unusual and of a suspicious nature was taking place. Defendant had a regular route composed of several customers, from whom and for such service, he received a monthly stipend from each of approximately three dollars. It is agreed that if defendant found a door unlocked, he would attempt to lock it, that if he found any one burglarizing or breaking into a place he would report it to the city police or to the owner of the premises, and that if he found a door open or unlocked, he would later report such condition to the person who had requested him to perform such service. Defendant made no arrests. Nor did he stay in any one place, but called at each establishment at various intervals during the night. The character of service rendered by defendant, and his occupation, if any, has sometimes been denominated a "watch service." Prior to the enactment of the challenged statute, defendant and others similarly engaged would make application to the

department of police of the city of Chicago for and receive a certificate of appointment together with a badge, authorizing them to act as special policemen. Subsequent to the passage of the act, the police department refused to accept further applications or make such appointments. Defendant's last previous appointment had expired prior to July 10, 1940, and, on the day named, he had no such appointment. It is further stipulated that on the day alleged in the information defendant performed services, as recounted, for a market, a clothing store, a drug store, and a men's clothing shop, all located between 2042 and 2111 East Seventy-first street, Chicago. Defendant had no employees, and such services as he performed for the four business establishments mentioned were rendered by him individually.

To obtain a reversal, defendant invokes numerous constitutional guaranties, making the contention, among others, that the statute assailed constitutes a flagrant abuse of the police power. Admittedly, statutes interfering with the personal liberty of a citizen and his right to pursue such trade or calling as he may choose, are justified only on the ground of necessity for the public health, morals, comfort, safety or the promotion of the general welfare. (*People* v. *Logan,* 284 Ill. 83; *Besette* v. *People,* 193 id. 334.) Defendant insists that the Detective Agencies act is an unwarranted and illegal use, and the People answer that the statute constitutes a valid exertion, of the police power. Although the issue made as to whether the act is a valid or invalid exercise of the police power presents a question involving the validity of a statute, disposition of this and other constitutional questions is unnecessary to our decision.

The sole question requiring determination is whether the statute applies to the service rendered by defendant, as disclosed by the stipulated facts. In seeking the legislative intent courts consider not only the language used but also the object to be attained. If the language employed admits of two constructions, one of which makes the enactment

absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result will be avoided. (*Winner* v. *Kadow,* 373 Ill. 192; *People* v. *Continental Illinois Nat. Bank,* 360 id. 454.) Defendant urges that he was not a guard or detective within the meaning of the statute and its definition of those terms, and, further, that by section 2, his employment was exempted from the regulatory and licensing provisions of the act. The statute does not purport to define the general term "guard," as comprehensively employed, and we deem it unnecessary to speculate upon whether defendant was a "guard," as the evidence affirmatively demonstrates that he was neither engaged in nor attempting to engage in the private detective business. Indeed, the agreed facts fail to state that defendant was a "guard," within the meaning of the act. It can hardly be said that defendant was engaged in business of any kind, much less the "business of furnishing for hire or reward guard or guards, or other persons to protect persons or property." At most, he was a casual employee of four business establishments, serving no one of them exclusively, and receiving for his services a nominal remuneration. Defendant's sole duty was to check upon these stores from time to time throughout the night to ascertain if everything was in order. He did not guard any one of the four stores, or anything else. In short, he neither guarded nor was a guard. The fact that defendant did not, and was not required to, remain at a single location or store during the night tends to support our conclusion. The statute evidently contemplated the regulation and licensing of the furnishing of detective service and guards,—not the isolated and casual employment of individuals engaged in "watch service." On the other hand, the construction urged by the People in the present case would mean that a man hired by farmers to shoot crows, a girl having the custody of babies and young children during the absence of their parents, an employee

remaining in an office after regular business hours to lock the doors and close the vaults, and a railroad gate-crossing watchman,—to mention only a few,—would be engaged in or attempting to engage in the private detective business. The statement of the proposition carries its own condemnation. Manifestly, we are not warranted in imputing to the General Assembly an intent to convert casual watchmen, such as defendant, into private detectives, or an organization furnishing guard service on request. Disposition of defendant's contention that his employment was exempt under section 2, it follows, is not required.

The fact that prior to the passage of the statute defendant obtained a permit from the city of Chicago police department is immaterial. Such a permit was not required, and his act in obtaining a badge was purely voluntary.

The judgment of the county court is reversed.

*Judgment reversed.*