(No. 27602.—

THE PEOPLE *ex rel.* Louis Rockwell, County Collector, Appellee, *vs.* CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed March 21, 1944.*

ALSCHULER, PUTNAM, JOHNSON & RUDDY, of Aurora, C. W. KROHL, C. A. CONWAY, and R. E. SKOV, (E. M. MARTIN, of counsel,) all of Chicago, for appellant.

CHARLES G. SEIDEL, State's Attorney, of Elgin, (DAVID B. GIVLER, of Aurora, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Chicago, Burlington and Quincy Railroad Company, objected to the county collector's application in the county court of Kane county for a judgment against, and an order for the sale of, its real estate for the non-payment of taxes for the year 1940. From the judgment overruling the objections and ordering the retention of $5298.43, the amount of the taxes previously paid in full, under protest, defendant appeals.

For the year 1940, the board of supervisors of Kane county, on September 11, 1940, passed an ordinance levying the county tax, and, on December 11, 1940, three months later, enacted a budget or annual appropriation ordinance. It is not disputed that the levy was passed at the proper time. The validity of the entire Kane county tax levy for the year 1940 is assailed on three grounds, (1) failure to pass a prior county budget; (2) passage of the county budget after the beginning of the fiscal year which it purports to cover, and (3) the claimed failure of the levy and budget to embrace a calendar year of 365 days. In its first contention, the railroad company insists passage of a proper budget ordinance is a prerequisite to a valid

levy. By section 156 of the Revenue Act, (Ill. Rev. Stat. 1943, chap. 120, par. 637,) it is provided that the county board of counties containing less than 500,000 inhabitants shall annually, at the September session, determine the amount of all county taxes to be raised for all purposes. Section 1 of "An act in relation to the budgets of counties not required by law to pass an annual appropriation bill," as originally enacted July 10, 1933, (Laws of 1933, p. 417,) provided, among other things, "the annual tax levy shall be made only after the adoption of the budget," and "shall cover the fiscal year beginning with the first Monday of December, and ending with the Sunday preceding the first Monday of December of the succeeding year." This section was amended, in October of the same year, (Laws of 1933-1934, p. 23,) to read: "1. In all counties not required by law to pass an annual appropriation bill within the first quarter of the fiscal year, the board of supervisors or board of county commissioners, as the case may be, shall after July 1, 1933, adopt each year an annual budget under the terms of this Act for the succeeding fiscal year. The vote on such budget shall be taken by ayes and nays and entered on the record of the meeting. The annual budget adopted under this Act shall cover such a fiscal period of one year to be determined by the county board of each county and all appropriations made therein shall terminate with the close of said fiscal period, *provided, however,* that any remaining balances shall be available until thirty (30) days after the close of such fiscal year only for the authorization of the payment of obligations incurred prior to the close of said fiscal period." Ill. Rev. Stat. 1941, chap. 34, par. 110g.

The omission of the previously included provisions (a) requiring the adoption of a budget prior to the levy and (b) fixing the budget period for a fiscal year beginning with the first Monday of December, and ending with the Sunday preceding the first Monday of December of the

succeeding year, effectually resulted in their repeal. (*People ex rel. Hines* v. *Baltimore and Ohio Southwestern Railroad Co.* 366 Ill. 318.) The only requirement as to time for passage is contained in the first sentence, namely, that it shall be passed after July 1.

Although conceding the County Budget Act no longer contains any specific provision that a budget shall be passed before the levy, defendant contends that the subsequent adoption of a budget defeats its underlying purpose and invalidates the levy. As a principal basis for its contention, it is argued that the provision in section 1 of the Budget Act to the effect that the budget ordinance must be enacted prior to the levy was inadvertently omitted from the amendment and that the requirement to file a prior budget is, by implication, extended, because statutes enacted for Cook county and the Cities and Villages Act contain provisions requiring passage of appropriation ordinances prior to levy. (Ill. Rev. Stat. 1943, chap. 34, sec. 61.7, par. 64.7; chap. 24, secs. 15-1, 16-1.) From this premise it is argued that the legislative purpose underlying the requirement to first prepare a budget was to furnish the taxing officials information upon which to base a proper levy. Cases pertaining to these statutes (*People ex rel. Stuckart* v. *Arnold Bros.* 282 Ill. 305; *People ex rel. Fuller* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410,) are not analogous, as urged, and are not controlling. A special statute having been enacted governing budgets required to be passed by counties containing less than 500,000 inhabitants, this statute, alone, controls the making and filing of such budgets. The power to determine when a budget ordinance shall be passed, and the order of passage as between levy and budget ordinances, rests exclusively with the General Assembly. This power was exercised in section 1 of the County Budget Act, as originally enacted. A comparison of section 1, as it formerly obtained, with the language of the section as amended and now in force

renders the conclusion inescapable that, subject to passage after July 1, as directed in the first sentence, the legislature intended it to be discretionary with the board of supervisors when the budget ordinance should be adopted. The time of passage of the budget, in the present instance, being within the scope of the discretionary power thus conferred, and neither the County Budget Act nor the Revenue Act containing anything to the contrary, it necessarily follows that passage of the budget after the levying ordinance does not render the latter illegal and void and that it is not necessary to base the levying ordinance upon the contents of the budget. It also follows that the levy, being governed by an independent statute, was unaffected by the subsequent passage of the budget.

It is next contended the levy is void because of the claimed invalidity of the budget owing to the passage of the latter December 11, nine days after commencement of the fiscal year for which prepared. Section 2 of the County Budget Act provides that the budget shall contain (a) statements of the receipts, payments, revenues and expenditures of the fiscal year last ended; (b) a statement of all moneys unexpended at the termination of the fiscal year last ended; (c) estimates of all probable income for the current fiscal year and for the ensuing fiscal year covered by the budget; (d) a detailed statement showing estimates of expenditures for the current fiscal year and separately for the ensuing fiscal year for which the budget is prepared, and (e) "a schedule of proposed appropriations * * *." In subparagraph (e) it is also specified that the schedule "shall be known as the annual appropriation ordinance." The taxpayer insists that a postponement of preparation of the budget until after the inception of a new fiscal year had the effect of setting the provisions back one year, thus "knocking awry" the entire system, constituting, it is claimed, an insuperable obstacle to the furnishing of the information intended. The figures for the fiscal year last

ended, it is argued, instead of covering the prior year, would be for the year which had ended only a few days previously, on December 2, 1940; those for the current year would cover the year for which the budget was prepared, a period just beginning, and the estimates of proposed income and expenditures for the ensuing fiscal year would be for a period to begin 11½ months hence, or in the case of the present budget, December 1, 1941. In order to avoid this absurd consequence, it is insisted that the budget must precede the levy, which the statute prescribes shall be passed in September. (Ill. Rev. Stat. 1941, chap. 120, par. 637.) The construction contended for by defendant is strained and does violence to the language employed. If the language employed in a statute admits of two constructions, one of which makes the statute absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to absurd consequences will be avoided. (*Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155; *People* v. *Jerry,* 377 Ill. 493.) The legislative intention is clear that, under the provisions of section 2, a budget, or annual appropriation ordinance, must contain figures and data for three separate and distinct periods, (1) the fiscal year last ended, (2) the current fiscal year and (3) the ensuing fiscal year for which the budget is prepared. From the fiscal period embraced by item (3), "the ensuing fiscal year for which the budget is prepared," the fiscal years intended for which the data is to be furnished for the remaining two periods are readily ascertainable, and it is difficult to see how any taxpayer could be misled, as claimed.

Lastly, the validity of the levy and budget is challenged on the ground that the fiscal period embraced did not begin January 1 and end December 31, and covered a period less than a full calendar year. The period specified in both levy and budget extended from the first Monday in December, 1940, or December 2, to and including the Sunday

preceding the first Monday in December, 1941, or November 30, 364 days. Because section 1 of the County Budget Act directs the adoption each year of an "annual budget," to cover a fiscal period of "one year," and section 156 of the Revenue Act provides for an "annual levy," and as amended July 25, 1939, declares its applicability to tax levies for the "year 1940 and subsequent years," it is urged that the words "year," "annual levy" and "levies for the year 1940 and subsequent years," not being otherwise defined, must be construed to mean a calendar year of 365 days, beginning January 1 and ending December 31, or the equivalent of the expression, "year of our Lord," unless a different construction is required to effect the purpose of the statute and the intent of the legislature. (Ill. Rev. Stat. 1943, chap. 131, sec. 1 (10) ; *People ex rel. Wangelin* v. *Illinois Central Railroad Co.* 361 Ill. 590; *Thompson* v. *Crains,* 294 Ill. 270.) Although the specified 1940 tax year lacked only one day to make a full year, possible variations in the length of tax periods for different years are pointed out, extending from six days more, to several days less, than a year, and, for the 1941 tax year the period would comprise 371 days. From these considerations and the fact that the amendatory act of July 25, 1939, (Laws of 1939, p. 854,) to section 156 of the Revenue Act was subsequent to the budget legislation (Laws of 1933, p. 417; Laws of 1933-1934, p. 23,) defendant argues that the former controls in the event of any inconsistency in the provisions of the two statutes, (*People ex rel. Heaton* v. *Illinois Central Railroad Co.* 295 Ill. 408; *People ex rel. Davis* v. *Wabash Railroad Co.* 276 Ill. 92,) and that, therefore, since the annual tax levy and budget must, of necessity, coincide and embrace a calendar year from January 1, to December 31, the provision in the Budget Act to the effect that the board of supervisors may choose its own fiscal year is repealed by implication. The contention and supporting argument are without merit. Webster's New

International Dictionary defines the expression "fiscal year" as "The year by or for which accounts are reckoned, or the year between one annual time of settlement, or balancing of accounts, and another." By section 156 of the Revenue Act (Ill. Rev. Stat. 1943, chap. 120, par. 637,) the county board is required, annually, at the September session, to determine the amount of county taxes to be raised for all purposes. The language of this section, standing alone, authorizes the levy of a tax for a one-year period, only. In section 1 of the County Budget Act it is specifically provided that "the annual budget adopted under this Act shall cover such a fiscal period of one year to be determined by the county board of each county * * *." Unquestionably, this provision confers discretionary power on the board of supervisors. To ignore this latter provision, and to hold that it is repealed by implication, as contended by defendant, would constitute judicial legislation and defeat the evident intention of the legislature. Moreover, the section, before amendment, established an identical budget period to the one here adopted. Under the provisions of the County Budget Act now in force, any fiscal period after July 1 may be adopted which does not conflict with the levy period. When the provisions of the two acts are read together, as they must be, the legislative intention is clear that the period embraced by the budget shall coincide with the levy period. (*People* v. *Illinois Central Railroad Co.* 361 Ill. 590.) The fiscal period specified in both commenced with the first Monday in December, 1940, and ended with the Sunday preceding the first Monday in December, 1941. The intervening time between the two dates constitutes a "tax year," and, although the number of days in tax years varies from year to year, as indicated, so long as the fiscal periods do not overlap, the accounting and revenue requirements of a county have been met. In section 1 of the County Budget Act, the terms "fiscal year" and "fiscal period" are used interchangeably. From the

language used, the legislative intention is manifest that "fiscal year" or "fiscal period" need not necessarily coincide with a calendar year. This being shown, no inconsistency is disclosed between the language used and the authorities and statute invoked by defendant.

Our conclusion that the levy and budget for the year 1940 are valid renders unnecessary a consideration of the constitutional validity of section 6a of the County Budget Act, argued by the parties.

The judgment of the county court of Kane county is affirmed.